(944 P.2d 169)
No. 76,903

KATHLEEN KIMBER, *Claimant,* v. U.S.D. NO. 418 and KANSAS ASSOCIATION OF SCHOOL BOARDS, *Appellees,* and THE CEDARS, INC., and KANSAS ASSOCIATION OF HOMES FOR THE AGING INSURANCE GROUP, INC., *Appellants,* v. KANSAS WORKERS COMPENSATION FUND, *Appellee.*

Opinion filed August 22, 1997.

*Jeffrey A. Chanay,* of Entz & Chanay, P.A., of Topeka, for appellants The Cedars, Inc., and Kansas Association of Homes for the Aging Insurance Group, Inc.

*Anton C. Andersen* and *Douglas M. Greenwald,* of McAnany, Van Cleave & Phillips, P.A., of Kansas City, for appellees U.S.D. No. 418 and Kansas Association of School Boards.

*David G. Shriver,* of David G. Shriver Law Office, of McPherson, for appellee Workers Compensation Fund.

Before PIERRON, P.J., PADDOCK, S.J., and DAVID PRAGER, Chief Justice Retired, assigned.

PRAGER, C.J.: This is an appeal in two workers compensation cases which were consolidated for hearing before an administrative law judge (ALJ). It involves one employee seeking recovery from two separate employers for alleged injuries suffered about a year apart during different terms of employment.

Kathleen Kimber, claimant, alleged she injured both hands and knees in May 1991 as a result of a fall at her place of employment with U.S.D. No. 418 (school district). She testified she had previously had problems with her hands and wrists beginning in February 1991. As a result of the fall, she was provided with authorized medical care by the school district's insurance company. Kimber was terminated from her employment with the school district in June 1991. Kimber then worked for a Super 8 Motel from September to October 1991. On December 19, 1991, she began working at Cedars, Inc., (Cedars), a licensed long-term care facility. Her last day of work at Cedars was January 25, 1993.

On October 5, 1992, Kimber formally filed claim No. 169,842 against the school district and its insurance carrier, claiming workers compensation for the alleged 1991 work-related injury. Simultaneously, she filed an application for a preliminary hearing seeking a change of her authorized treating physician in regard to her treatment for the 1991 injury. A preliminary hearing was held, and the motion was granted. Cedars was not a party in this case.

On December 1, 1992, Kimber filed claim No. 172,282 against Cedars and its insurance carrier, alleging she had injured her wrists while working at Cedars during the period from May 15, 1992, to October 5, 1992, the date of the application for hearing in case No. 169,842. She testified her wrists had not been completely healthy when she began work at Cedars and she had not suffered injury in a specific incident or event. Kimber did not recall informing Cedars that she had suffered any type of aggravation prior to the filing of her claim. The school district and its insurance company were not named parties in case No. 172,282. The two cases were consolidated by agreement of the parties for procedural purposes, and the Workers Compensation Fund (Fund) was then impleaded.

The cases were tried together by the ALJ, who entered an award covering both cases. The ALJ ruled that Kimber had not carried

her burden of proof to establish that she had suffered an accidental injury in the course of her employment with the school district in case No. 169,842. The effect of this ruling was to relieve the school district of liability to the claimant under the Workers Compensation Act (Act).

In case No. 172,282, the ALJ found that Kimber had suffered a 20% permanent partial general work disability while working at Cedars. Of particular importance in this appeal is the portion of the order which required Cedars and its insurance carrier to reimburse the school district and its insurance carrier for *all* amounts previously expended in case No. 169,842 pursuant to the preliminary orders.

Cedars appealed to the Workers Compensation Board (Board), which affirmed the award in both cases in all respects except to modify the order to require Cedars to reimburse the school district only for compensation and medical expenses incurred subsequent to Kimber becoming employed by Cedars on December 19, 1991. Cedars then appealed to this court. It should be noted that both the ALJ and the Board found the date of Kimber's injury while employed at Cedars to be May 15, 1992.

Cedars raised only one basic issue on appeal: whether the Board erred in ordering Cedars and its insurance carrier to reimburse the school district for all funds expended by the school district in case No. 169,842 for the period subsequent to December 19, 1991, the date Kimber commenced her employment with Cedars. Stated in another way, the issue on appeal is whether Cedars or the Workers Compensation Fund is obligated under the law to reimburse the school district for workers compensation paid where the school district had no liability.

In determining this issue, it is important to consider one of the basic principles governing liability of an employer under the Act set forth in K.S.A. 44-535. That statute provides that the right to compensation under the Act shall be deemed in every case to have accrued to the injured worker at the time of the accident. *Johnson v. Warren*, 192 Kan. 310, 313, 387 P.2d 213 (1963), in applying 44-535, holds that the time of the accident determines what rights to compensation have accrued. We agree with Cedars' contention

that a reimbursement order cannot be made for a period of time prior to the date on which injury by accident was found to have occurred. In case No. 172,282, Kimber claimed a first date of injury while working at Cedars to be May 15, 1992. Both the ALJ and the Board found the date of her injury while employed at Cedars to be May 15, 1992, and the days that followed.

In our judgment, the Board erred in ordering Cedars and its insurance carrier to make reimbursements to the school district for the period of time prior to the date of the accident at Cedars, May 15, 1992. Reimbursement for that period is the obligation of the Fund.

To obtain reimbursement for that period, the controlling statutes are K.S.A. 44-534a(b) and K.S.A. 44-556(d). These statutes provide the exclusive means by which the school district can seek reimbursement for any excess payment of compensation, which must be from the Fund upon certification of the amount by the Director of Workers Compensation. In *Johnston v. Tony's Pizza Service*, 232 Kan. 848, 852, 658 P.2d 1047 (1983), the court held that where a workers compensation award is reduced or totally disallowed by a district or appellate court, 44-556(d) provides the means by which the employer and its insurance carrier may be reimbursed for any excess payment of compensation.

Reimbursement for compensation and medical expenses paid by the school district after May 15, 1992, and before the issue was determined as to which employer, the school district or Cedars, was responsible for their payment presents a different situation. We hold that Cedars is responsible to reimburse the school district for compensation and expenses arising after the injury which occurred at Cedars on May 15, 1992, and the days that followed. Clearly, the school district and its insurance carrier should be reimbursed by Cedars for paying compensation and expenses owed by Cedars before the issue of liability was determined by the Board.

Cedars and its insurance carrier are ordered to reimburse the school district and its insurance carrier for all compensation and medical expenses expended by the school district in case No. 169,842 for the period subsequent to May 15, 1992.

This case is reversed and remanded with direction to the Director of Workers Compensation to determine the amount of compensation paid by the school district and its insurance carrier, which is to be reimbursed in accordance with this opinion.

Reversed and remanded.