(302 P.3d 1080)
No. 106,383

DEBRA K. WELTY, *Appellee*, v. USD 259, *Appellant*.

—

Opinion filed July 27, 2012.

*Vincent A. Burnett* and *Dallas L. Rakestraw*, of McDonald, Tinker, Skaer, Quinn & Herrington, P.A., of Wichita, for appellant.

*Robert R. Lee*, of Wilson, Lee, Gurney & Hess, of Wichita, for appellee.

Before HILL, P.J., PIERRON and LEBEN, JJ.

HILL, J.: USD 259 asks us to overturn the Workers Compensation Board and hold that K.S.A. 2006 Supp. 44-523(f) bars Debra K. Welty from recovery because the regular hearing on her claim was held almost 6 years after her application for benefits was filed. Because nothing in the language of K.S.A. 2006 Supp. 44-523(f) indicates the legislature intended for the amendment to prior law operate retroactively, we hold the Board properly affirmed Welty's compensation award.

*School nurse Welty slips and falls.*

The facts concerning how and to what extent Welty was injured are not crucial to the outcome of this appeal, but they do provide a context to illustrate how workers compensation claims are resolved. Welty injured her left knee on September 3, 2003, when she slipped on water and fell. Surgery was performed on that knee in January 2004. But because of her altered gait from the left knee problems, Welty began developing right knee issues. Welty then received surgery on her right knee in June 2008.

Welty experienced issues with pain and as a result received two left lumbar sympathetic blocks for regional pain in August 2004 and two more in December 2004. She was then referred to a pain specialist who, in January 2005, recommended the placement of a spinal cord stimulator to help ease the pain.

Welty filed an application for a hearing with the Division of Workers Compensation on April 21, 2004. The matter did not proceed to a final hearing until April 8, 2010. At the hearing, the District asked the administrative law judge (ALJ) to dismiss Welty's case because under K.S.A. 2006 Supp. 44-523(f), a workers compensation matter must proceed to a final hearing within 5 years of the date the application for a hearing is filed—and this did not occur in Welty's case.

The ALJ held that K.S.A. 2006 Supp. 44-523(f) should be applied prospectively to workers compensation cases, so that the statute does not affect accidents that occurred before the effective date of the amendment—July 1, 2006. Because Welty's accident occurred on September 3, 2003, the ALJ held Welty's case was not

subject to dismissal and awarded Welty temporary total disability benefits.

The District appealed, but on June 7, 2011, the Board affirmed the ALJ's decision with regard to the application of K.S.A. 2006 Supp. 44-523(f). The Board first reasoned that even if the statute were applied retroactively, Welty did not have a "reasonable" time after enactment of the statute to take the claim to a final hearing. The Board next observed that it has "consistently" held the statute does not apply retroactively—and to reverse this line of reasoning would be inconsistent and impair the rights of claimants who have relied on the Board's past decisions on the issue. The Board also noted there were several reasons Welty's claim was heard more than 5 years after she applied for a hearing—including that an application for a hearing is a "request" for a hearing; at the time of the hearing, the District argued Welty had not reached maximum medical improvement and Welty needed treatment for both knees and her spine and underwent extensive and lengthy psychological treatment. The Board stated that the ALJ and parties have "equal responsibility" to ensure that a claim proceeds in a timely fashion.

The District appeals the Board's decision.

*The issue before us.*

The District contends Welty's workers compensation claim is time-barred. The District argues that according to the plain language in K.S.A. 2006 Supp. 44-523(f), her claim must be dismissed because her final hearing did not occur within 5 years of the date of filing an application. In response, Welty argues this statute should be applied prospectively from July 1, 2006, when the law took effect and therefore simply does not apply to Welty's case.

*Our standard of review.*

This court reviews appeals from the Board under the Kansas Judicial Review Act. Under the Act, we may grant relief if we determine the agency has erroneously interpreted or applied the law. K.S.A. 2010 Supp. 77-621(c)(4). This court has unlimited review

over questions of law. *Trevizo v. El Gaucho Steakhouse*, 45 Kan. App. 2d 667, 672, 253 P.3d 786 (2011).

The statute in question, K.S.A. 2006 Supp. 44-523(f), provides a way for the workers compensation division to cleanse its house of stale claims:

"Any claim that has not proceeded to final hearing, a settlement hearing, or an agreed award under the workers compensation act within five years from the date of filing an application for hearing . . . shall be dismissed by the administrative law judge for lack of prosecution. The administrative law judge may grant an extension for good cause shown, which shall be conclusively presumed in the event that that claimant has not reached maximum medical improvement, provided such motion to extend is filed prior to the five year limitation provided for herein. This section shall not affect any future benefits which have been left open upon proper application by an award or settlement."

This statute was amended to include section (f) during the 2006 legislative session. It went into effect on July 1, 2006.

Basically, the District argues that this is a statute of limitations and is considered procedural and is therefore retroactive in application. The District cites in support *In re Tax Grievance Application of Kaul*, 269 Kan. 181, 184, 4 P.3d 1170 (2000). Indeed, in *Kaul*, the court was asked to determine whether K.S.A. 1999 Supp. 74-2426(c)(3) applied to a tax matter appealed prior to the enactment of the statute. That statute dictated whether a particular type of tax appeal would be reviewed in accordance with the Act for Judicial Review and Civil Enforcement of Agency Actions or by the Court of Appeals. The court held that because the statute was a procedural statute describing the mechanism for carrying on the suit, the amendment applied retroactively. 269 Kan. at 184. But clearly, this decision only affected the question of which body had jurisdiction to hear the taxpayer's appeal, the agency or the appellate court.

The second case cited by the District is *Bonin v. Vannaman*, 261 Kan. 199, 929 P.2d 754 (1996). The issue in *Bonin* was whether the litigant's tort claims against her doctor were barred by the applicable statute of repose. *Bonin* did not address whether an amended statute of limitations operates retroactively and applies to earlier claims. Basically the *Bonin* court, in general terms, stated

that a statute of limitations is procedural and a statute of repose is substantive. See 261 Kan. 199, Syl. ¶ 2. We do not find *Bonin* persuasive because it did not address the issues that we have before us. The District also cites *Stevenson v. Topeka City Council*, 245 Kan. 425, 427-28, 781 P.2d 689 (1989), a tort action, where the court found that an amendment to a statute affecting the statute of limitations was procedural. We note that the court stated explicitly that even though the amended statute was procedural, "it should be given retrospective application only if such retrospective operation will not affect a vested right of a party." 245 Kan. at 428. In fact, the court in *Stevenson* found that if the statute was applied retroactively, the plaintiff in that case would not have had a reasonable time to comply with the amended statute so her tort action would quickly be barred by the statute of limitations. The court, therefore, refused to apply the statute retroactively to her case. 245 Kan. at 430.

Unlike *Stevenson*, where the timely filing of a notice rested in the hands of the tort claimant, the holding of the final hearing in this case is achieved through the collaboration of the ALJ and the parties. Indeed, the District even argued at the final hearing in this case that Welty had not yet achieved maximum medical improvement, a condition usually achieved prior to the final hearing.

Recent Kansas Supreme Court rulings have persuaded us that we need to take a closer look at this particular amendment to the statute. Our Supreme Court in *Bergstrom v. Spears Manufacturing Co.*, 289 Kan. 605, 607-10, 214 P.3d 676 (2009), directed the appellate courts to give effect to the express statutory language of the legislature and to avoid adding things not readily found within the language of the statute at hand. Later then, in *Bryant v. Midwest Staff Solutions, Inc.*, 292 Kan. 585, 588, 257 P.3d 255 (2011), the court held that the significant changes made to the workers compensation statutes in 2011 did not apply to Bryant's case and the statutory scheme in place at the time of his injury and claim controlled. 292 Kan. at 588. The *Bryant* court reasoned:

"As a general rule, a statute operates prospectively in the absence of clear statutory language that the legislature intended it to operate retroactively. [Citation omitted.] Even if the legislature expressly states that a statute will apply

retroactively, vested or substantive rights are immune from retrospective statutory application. Substantive rights include rights of action 'for injuries suffered in person.' [Citations omitted.] The retroactive application of laws that adversely affect substantive rights violates a claimant's constitutional rights, because it constitutes a taking of property without due process of law. [Citation omitted.]" 292 Kan. at 588.

When read together, *Bergstrom* and *Bryant* persuade us that what is critical in this determination is the language used in the particular statute at issue. Here, we see nothing in the language of the statute that indicates a legislative intent that it be applied retroactively. Secondly, a fair reading of *Bryant* and *Bergstrom* leads us to believe that substantive rights are immune from retrospective statutory application. We are simply not persuaded that this amendment to the law was a mere procedural change that had no effect to deprive some injured workers of benefits that were vested in them.

We note that the law recognizes that the right to compensation accrues from the date of injury. See K.S.A. 44-535. In *Kimber v. U.S.D. No. 418*, 24 Kan. App. 2d 280, 282, 944 P.2d 169 (1997), the court held:

"In determining this issue it is important to consider one of the basic principles governing liability of an employer under the acts set forth in K.S.A. 44-535. That statute provides that the right to compensation under the act shall be deemed in every case to have accrued to the injured worker at the time of the accident. [Citation omitted.]"

It is obvious that at the time of the accident Welty suffered here, K.S.A. 2006 Supp. 44-523(f) did not exist. And under the doctrine of law set out above, her substantive rights were determined by the law in existence at the time of her accident. Welty points out to us that the two Board members who dissented in her case have now come around to her way of thinking on the application of K.S.A. 2006 Supp. 44-523(f) and refer to a recent Board decision by attaching it as a supplement to her brief. *Rivas v. Rickert*, No. 1,007,167 (WCAB September 20, 2011).

We will not engage in speculation about what label to put upon this statute, whether it is a statute of limitations as the District

suggests or a statute of repose as Welty argues. But we do point out that K.S.A. 44-534(b) provides:

"No proceeding for compensation shall be maintained under the workers compensation act unless an application for a hearing is on file in the office of the director within three years of the date of the accident or within two years of the date of the last payment of compensation, whichever is later."

That appears to be the applicable statute of limitations in Welty's case. We note this because K.S.A. 2006 Supp. 44-523(f) does not run from the time of injury, but rather from the date of the application filing.

In any event, we are not convinced that this statute has retroactive application in this case, and we therefore affirm the holding of the Board.

Affirmed.

* * * *

LEBEN, J., concurring: I join fully in the court's opinion. I write this concurrence merely to note that the Kansas presumption that statutes operate prospectively unless the statute clearly provides otherwise reflects a rule often applied by the United States Supreme Court as well. See *Vartelas v. Holder*, 566 U.S. ___, 132 S. Ct. 1479, 1486, 182 L. Ed. 2d 473 (2012) (citing *Landgraf v. USI Film Products*, 511 U.S. 244, 263, 114 S. Ct. 1483, 128 L. Ed. 2d 229 [1994]). The Supreme Court noted in *Vartelas*, quoting *Landgraf*, that this presumption " 'embodies a legal doctrine centuries older than our Republic' " and one that is based on several provisions in the United States Constitution, including the Ex Post Facto Clause, the Contract Clause, and the Fifth Amendment's Due Process Clause. *Vartelas*, 132 S. Ct. at 1486-87 (citing and quoting *Landgraf*, 511 U.S. 244, 263-66). The Kansas cases cited in the court's opinion are fully in line with these well-established principles.