NOT DESIGNATED FOR PUBLICATION

No. 116,445

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

DONNA GARMANY,
*Appellant*,

v.

CASEY'S GENERAL STORE and EMCASCO INSURANCE COMPANY,
*Appellees*.

MEMORANDUM OPINION

Appeal from Workers Compensation Board. Opinion filed February 24, 2017. Affirmed.

*Jan L. Fisher*, of McCullough, Wareheim & LaBunker, of Topeka, for appellant.

*Ronald J. Laskowski*, of The Law Office of Ronald J. Laskowski, of Topeka, for appellees.

Before ARNOLD-BURGER, C.J., PIERRON and MALONE, JJ.

*Per Curiam*: Donna L. Garmany's workers compensation claim was dismissed by the Kansas Workers Compensation Board (Board) pursuant to K.S.A. 2011 Supp. 44-523(f)(1), because her claim had not proceeded to hearing within 3 years of filing and she had not requested an extension within that 3-year period. It was dismissed in spite of the fact that she had not been dilatory in pursuing her claim, she had not abandoned her claim, and there was no dispute that she had not reached maximum medical improvement. Unfortunately, the statute that requires this result, although inartfully drafted, is not ambiguous so we are required to uphold the Board's decision. It is up to the legislature to change the statute if it wants to avoid this clearly harsh result in the future. Accordingly, we affirm the decision of the Board dismissing Garmany's claim.

1

Garmany was an employee at Casey's General Store in Scranton, Kansas. On March 30, 2012, Garmany was stocking the cooler in the store. She "had squatted down to get to the bottom shelf, and [she] had [her] buttocks between [her] ankles sitting there working . . . and [she] went to stand up, and [she] felt and heard a loud pop in [her] lower back, and [she] felt a real sharp pain." Garmany filed an application for a hearing with the Division of Workers Compensation on March 29, 2013.

In July 2013, following a preliminary hearing, the administrative law judge (ALJ) ordered an independent medical evaluation. In September 2014, after another preliminary hearing, the ALJ ordered the respondent to provide medical treatment to Garmany until she reached maximum medical improvement. The Board affirmed this decision, noting that the "preliminary hearing findings and conclusions are neither final nor binding as they may be modified upon a full hearing of the claim."

A regular hearing was scheduled for July 18, 2016. But, on May 12, 2016, Casey's filed a motion to dismiss pursuant to 44-523(f)(1). Casey's motion was "based upon claimant's failure to pursue this case to regular hearing within three (3) years from the date the application for hearing was filed." The ALJ granted Casey's motion to dismiss. The ALJ characterized the dismissal as "legally appropriate, but not just." Subsequently, the Board affirmed the ALJ ruling dismissing the claim, with one Board member dissenting.

Garmany appealed.

ANALYSIS

On appeal, Garmany argues that K.S.A. 2011 Supp. 44-523(f)(1) is ambiguous and does not require dismissal of her claim.

K.S.A. 2011 Supp. 44-556(a) directs that final orders of the Board are subject to review under the Kansas Judicial Review Act, K.S.A. 77-601 *et seq.*, as amended. Appellate courts have unlimited review of questions involving the interpretation or construction of a statute, owing no deference to the agency's or the Board's interpretation or construction. *Fernandez v. McDonald's*, 296 Kan. 472*,* 475, 292 P.3d 311 (2013).

When a statute is plain and unambiguous, an appellate court should not speculate about the legislative intent behind that clear language, and it should refrain from reading something into the statute that is not readily found in its words. *Hoesli v. Triplett, Inc*., 303 Kan. 358, 362, 361 P.3d 504 (2015). The court must give effect to the statute's express language rather than determine what the law should or should not be. 303 Kan. at 362. Where there is no ambiguity, the court need not resort to statutory construction. Only if the statute's language or text is unclear or ambiguous does the court use canons of construction or legislative history to construe the legislature's intent. 303 Kan. at 362.

K.S.A. 2006 Supp. 44-523(f) "provides a way for the workers compensation division to cleanse its house of stale claims." *Welty v. U.S.D. No. 259*, 48 Kan. App. 2d 797, 800, 302 P.3d 1080 (2012). Subsection (f) was added to the statute during the 2006 legislative session, 48 Kan. App. 2d at 800, and amended in 2011. L. 2011, ch. 55, sec. 17. The 2011 version of the statute is the version of the statute under which the ALJ made his ruling in Garmany's case. The relevant amended language is as follows:

> "In any claim that has not proceeded to a regular hearing, a settlement hearing, or
> an agreed award under the workers compensation act within three years from the date of

3

filing an application for hearing . . . the employer shall be permitted to file with the division an application for dismissal based on lack of prosecution. The matter shall be set for hearing with notice to the claimant's attorney, if the claimant is represented, or to the claimant's last known address. The administrative law judge may grant an extension for good cause shown, which shall be conclusively presumed in the event that the claimant has not reached maximum medical improvement, provided such motion to extend is filed prior to the three year limitation provided for herein. If the claimant cannot establish good cause, the claim shall be dismissed with prejudice by the administrative law judge for lack of prosecution." K.S.A. 2011 Supp. 44-523(f)(1).

Garmany argues that that the third sentence of the statute is ambiguous. The third sentence gives the ALJ discretion to grant an extension for good cause, "which shall be conclusively presumed in the event that the claimant has not reached maximum medical improvement, provided such motion to extend is filed prior to the three year limitation provided for herein." K.S.A. 2011 Supp. 44-523(f)(1).

It seems clear from the plain language of the statute that the last clause of the third sentence, requiring the claimant to make a motion to extend within 3 years, applies to the opening clause of the sentence. The opening clause gives the ALJ discretion to grant a motion for extension for good cause, but the final clause states that the motion for extension must be filed within 3 years. The clause in the middle of the sentence simply provides the circumstances under which good cause will be presumed—when the claimant has not reached maximum medical improvement—and does not relate to the motion to extend. Accepting Garmany's interpretation of the statute would mean that the conclusive presumption of good cause would only apply if the claimant filed a motion to extend within the 3-year limit. We can think of no logical reason why the legislature would limit the use of the presumption in this manner.

This court recently reached the same conclusion in *Breedlove v. Richardson Hauling, Inc.*, No. 114,600, 2016 WL 5844575 (Kan. App. 2016) (unpublished opinion),

examining K.S.A. 2007 Supp. 44-523. *Breedlove* was decided after the parties in this case wrote their briefs, so neither party discusses it. While it involves the 2007 statutory language, the analysis is still applicable to the 2011 statutory language. The 2007 language was as follows:

> "Any claim that has not proceeded to final hearing, a settlement hearing, or an agreed award under the workers compensation act within five years from the date of filing an application for hearing . . . shall be dismissed by the administrative law judge for lack of prosecution. The administrative law judge may grant an extension for good cause shown, which shall be conclusively presumed in the event that the claimant has not reached maximum medical improvement, provided such motion to extend is filed prior to the five year limitation provided for herein." K.S.A. 2007 Supp. 44-523(f).

In *Breedlove*, the claimant's claim was dismissed for lack of prosecution under K.S.A. 2007 Supp. 44-523(f) because more than 5 years had passed since the claimant had made an application for a workers compensation hearing. The claimant had filed a motion for extension, but it was untimely because the motion was made after the 5-year time limit. The court relied upon the language in K.S.A. 2007 Supp. 44-523(f) that stated "that a motion for extension of time for good cause is timely 'provided such motion to extend is filed prior to the five year limitation provided for herein.'" 2016 WL 5844575, at *6. Based on this language, the court held that the claimant "needed to request an extension of time before the 5-year time limit to prosecute the claim had elapsed. Otherwise, the ALJ would no longer have jurisdiction to consider the motion for extension of time." 2016 WL 5844575, at *6.

The *Breedlove* court noted that 44-523(f) had been revised since the notice of appeal was filed in the case and that the current revision simply changed the time limit for lack of prosecution from 5 years to 3 years. 2016 WL 5844575, at *4. However, the remaining statutory language that the *Breedlove* court relied upon, "provided such motion to extend is filed prior to the [five/three] year limitation provided for herein," remains

5

unchanged. Compare K.S.A. 2007 Supp. 44-523(f) with K.S.A. 2011 Supp. 44-523(f)(1). This is exactly the portion of the statute that Garmany challenges as ambiguous. Because the statute contains the same operative language now as it did in the *Breedlove* decision, we see no reason why the interpretation should be any different.

There have also been several Board decisions that interpreted K.S.A. 2011 Supp. 44-523(f)(1) in the same way as the ALJ in this case interpreted it. See *Hackler v. Peninsula Gaming Partners, LLC*, No. 1,060,759, 2016 WL 858312, at *5 (Kan. Work. Comp. App. Bd. February 25, 2016) ("[A] motion to extend must be filed within the three years after an application for hearing is filed and claimant must prove good cause to warrant an extension. . . . In this case, claimant had good cause, but filed her motion outside of the three year time frame."); *Hoffman v. Dental Central, P.A.*, No. 1,058,645, 2015 WL 4071473, at *5 (Kan. Work. Comp. App. Bd. June 26, 2015) (noting that "the statute is very specific in its requirement that the motion to extend be filed prior to the running of the three year limitation"); *Ramstad v. U.S.D. 229*, No. 1,059,881, 2015 WL 5462026, at *2 (Kan. Work. Comp. App. Bd. August 31, 2015) ("The motion [for extension] must be filed prior to the expiration of the three-year period. No such motion was filed. The plain language of K.S.A. 2011 Supp. 44-523(f)(1) requires dismissal."). Appellate courts are not required to give significant deference to an agency or board's statutory interpretation. *Ft. Hays St. Univ. v. University Ch., Am. Ass'n of Univ. Profs.*, 290 Kan. 446, 457, 228 P.3d 403 (2010). However, the Board decisions provide further evidence that the statute is not ambiguous.

Garmany points to dissenting Board member opinions from cases presenting the same issue to illustrate the ambiguity. She specifically cites *Hackler*, 2016 WL 858312, and says that "[a] three-two split in opinion of the Board—by definition—shows ambiguity with regard to the meaning of the statute."

It is worth noting that only one Board member, not two, dissented in *Hackler*. 2016 WL 858312, at *8. It is the same Board member who dissented in this case, Thomas Arnhold. In *Hackler*, Board member Arnhold looked at the sentences in the statute in isolation and concluded that "regardless of the inevitable passage of time, the first sentence of K.S.A. 2011 Supp. 44-523(f) clearly states a lack of prosecution is a condition necessary for a respondent to file a motion to dismiss." *Hackler*, 2016 WL 858312, at *6 (Arnhold, dissenting). He also argued that the fourth sentence ("If the claimant cannot establish good cause, the claim shall be dismissed with prejudice by the administrative law judge for lack of prosecution.") requires a judge to find both a lack of prosecution and a lack of good cause before dismissing the case. 2016 WL 858312, at *7. While this is a creative interpretation of the statute and one that clearly allows for a just result, it ignores the third sentence which states that a motion to extend for good cause must be filed within 3 years. K.S.A. 2011 Supp. 44-523(f)(1).

Garmany also argues that the legislative history of the statute supports her claim. As the ALJ who dismissed Garmany's case succinctly explained:

> "The implied legislative intent behind the three year deadline of K.S.A. 44-523(f)(1) is clearly to remedy the problem of unending, inactive cases. While the statute is successful in this laudable goal, recent history reveals its use by respondents as an offensive weapon against active but unaware claimants has been largely most effective."

When a statute is plain and unambiguous, an appellate court should not speculate about the legislative intent behind that clear language, and it should refrain from reading something into the statute that is not readily found in its words. *Hoesli*, 303 Kan. at 362. Because the 3-year limit on filing motions to extend is clear from the plain language of the statute, this court cannot explore the legislative history of the statute.

Finally, Garmany argues that "K.S.A. 2011 Supp. 44-523(f)(1) does not provide a mechanism for the claimant to request an extension of time prior to three (3) [years] after the filing of an application for hearing." This argument is unsuccessful. The language of the statute, "provided such motion to extend is filed," implies that claimants can file motions to extend. In fact, a claimant in one of the cases cited by Garmany did file a motion to extend with no problems. See *Glaze v. JK Williams LLC*, No. 1,063,419, 2016 WL 2619518 (Kan. Work. Comp. App. Bd. April 11, 2016).

Because the 3-year limitation in K.S.A. 2011 Supp. 44-523(f)(1) is not ambiguous, the statute authorized the dismissal of Garmany's claim. The court must give effect to the statute's express language rather than determine what the law should or should not be. See *Hoesli*, 303 Kan. at 362. It is up to the legislature to change the statute if it wants to avoid this clearly harsh result in the future.

Affirmed.