No. 116,167

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

HELEN LOREE KNOLL,
*Appellee*,

v.

OLATHE SCHOOL DISTRICT NO. 233,
*Appellant*.

SYLLABUS BY THE COURT

1.

Appellate courts have unlimited review of questions involving the interpretation or construction of a statute, owing no deference to the agency's or the Board's interpretation or construction.

2.

When a statute is plain and unambiguous, an appellate court should not speculate about the legislative intent behind that clear language, and it should refrain from reading something into the statute that is not readily found in its words. The court must give effect to the statute's express language rather than determine what the law should or should not be.

3.

The 2011 amendment that changed the time limitation for dismissing a workers compensation claim from 5 to 3 years and filing a motion to extend that time limitation applies retroactively to the claim for benefits filed in 2009 here because the 2011 amendment to K.S.A. 44-523(f), which was originally enacted in 2006, is procedural in

1

nature and retrospective application would not prejudicially affect any party's substantive or vested rights.

Appeal from Workers Compensation Board. Opinion filed June 23, 2017. Reversed and remanded with directions.

*Kip A. Kubin*, of Bottaro, Kubin & Yocum, P.C., of Leawood, for appellant.

*James R. Shetlar*, of James R. Shetlar Law Offices, of Overland Park, for appellee.

Before STANDRIDGE, P.J., MCANANY, J., and HEBERT, S.J.

STANDRIDGE, J.:  Olathe School District No. 233 (District) appeals from the Workers Compensation Board's (Board) decision affirming the administrative law judge's (ALJ) determination that a claim by its former employee, Helen Loree Knoll, was not time-barred under K.S.A. 2009 Supp. 44-523(f) for lack of prosecution. On appeal, the District argues that the Board erred in failing to retroactively apply the version of the statute in effect at the time Knoll filed her application for hearing. See K.S.A. 2016 Supp. 44-523(f)(1). For the reasons stated below, we agree that the changes made to the statute after Knoll's injury retroactively apply; therefore, we must reverse and remand the matter to the Board with directions to dismiss the claim.

## FACTS

The relevant facts are not in dispute. On October 29, 2009, Knoll fell in a parking lot while working for the District. As a result, Knoll began receiving medical treatment, which included surgeries on her right knee and right hip.

At the time of the injury, the relevant portion of K.S.A. 2009 Supp. 44-523(f) directed the ALJ to dismiss any pending claim that had not proceeded to final hearing,

2

settlement hearing, or an agreed award within 5 years from the date the application for hearing was filed. The statute permitted the ALJ, however, to grant an extension of this time limitation for good cause shown, provided the motion was filed before the 5-year time limitation expired. K.S.A. 2009 Supp. 44-523(f).

Effective May 15, 2011, K.S.A. 44-523(f) was amended to reduce from 5 years to 3 years the deadline before which the claimant had to proceed to final hearing. The ALJ was still permitted to grant an extension of this time limitation for good cause shown, provided the motion was filed before the 3-year time limitation expired. K.S.A. 2011 Supp. 44-523(f)(1).

On November 14, 2011, after the amendment to the statute reducing the time period from 5 years to 3 years became effective, Knoll filed an application for hearing with the Division of Workers Compensation (Division).

On March 11, 2014, Knoll's treating doctor made a determination that she had reached maximum medical improvement. On February 19, 2015, the District moved to dismiss Knoll's claim for lack of prosecution under 44-523(f)(1) because more than 3 years had passed since Knoll filed her application for hearing.

On March 4, 2015, Knoll filed a motion requesting an extension of time for good cause under 44-523(f)(1). Knoll later amended her argument, claiming that the District's motion to dismiss should be denied because the version of the statute in effect at the time of her injury, K.S.A. 2009 Supp. 44-523(f), applied to her claim; thus, her motion for extension of time was timely because it was filed before the applicable 5-year time limitation expired.

The ALJ agreed with Knoll, finding that K.S.A. 2009 Supp. 44-523(f), the version of the statute in effect on the date of Knoll's injury, controlled. Because Knoll had filed a

motion for extension of time before expiration of the 5-year time limit, the ALJ denied the District's motion to dismiss. The case proceeded to a regular hearing before the ALJ, where the District renewed its motion to dismiss. The ALJ affirmed its prior ruling that Knoll's case was not subject to dismissal and entered an award of compensation in Knoll's favor.

The District applied for review with the Board, seeking review only of the ALJ's denial of its motion to dismiss under 44-523(f)(1). The Board affirmed the ALJ's ruling. Citing *Welty v. U.S.D. No. 259*, 48 Kan. App. 2d 797, 799, 302 P.3d 1080 (2012), the Board found that the version of K.S.A. 44-523(f) in effect on the date of Knoll's injury applied, giving her 5 years within which to bring her claim to final hearing or to file her motion for extension of time. The Board also concluded that 44-523(f)(1) did not retroactively apply to bar Knoll's claim.

ANALYSIS

The issue before the court is whether the Board erred in this matter by applying the 2009 version of K.S.A. 44-523(f), which has a 5-year time limitation for bringing a claim to final hearing, as opposed to retroactively applying the 2011 amended version of the statute, which has a 3-year time limitation. If the 2009 version of the statute is applicable, then Knoll's motion for extension of time to bring her claim to final hearing was timely filed and the Board's decision must be affirmed on that issue. If the 2011 amended version of the statute retroactively applies, then Knoll's motion for extension of time was untimely and the ALJ did not have authority to proceed to final hearing but instead was required to dismiss the claim.

Appellate courts have unlimited review of questions involving the interpretation or construction of a statute, owing no deference to the agency's or the Board's interpretation or construction. *Fernandez v. McDonald's*, 296 Kan. 472, 475, 292 P.3d 311 (2013).

4

When a statute is plain and unambiguous, an appellate court should not speculate about the legislative intent behind that clear language, and it should refrain from reading something into the statute that is not readily found in its words. *Hoesli v. Triplett, Inc.*, 303 Kan. 358, 362, 361 P.3d 504 (2015). The court must give effect to the statute's express language rather than determine what the law should or should not be. Where there is no ambiguity, the court need not resort to statutory construction. Only if the statute's language or text is unclear or ambiguous does the court use canons of construction or legislative history to construe the legislature's intent. 303 Kan. at 362.

Enacted by the legislature in 2006, subsection (f) of K.S.A. 44-523 created a new requirement that the Division had to dismiss claims that had not proceeded to final hearing within 5 years from the date of filing an application for hearing when the claimant had failed to file a motion showing good cause to extend the deadline prior to the 5-year limitation. When it originally was enacted, subsection (f) provided as follows:

> "Any claim that has not proceeded to final hearing, a settlement hearing, or an agreed award under the workers compensation act within five years from the date of filing an application for hearing . . . shall be dismissed by the administrative law judge for lack of prosecution. The administrative law judge may grant an extension for good cause shown, which shall be conclusively presumed in the event that the claimant has not reached maximum medical improvement, provided such motion to extend is filed prior to the five year limitation provided for herein. This section shall not affect any future benefits which have been left open upon proper application by an award or settlement." K.S.A. 2006 Supp. 44-523(f).

Since Knoll's injury in 2009, however, the legislature amended K.S.A. 44-523(f). See L. 2011, ch. 55, sec. 17. Relevant here, this amendment changed the time limit for lack of prosecution and the time for filing a motion for extension of time from 5 years to 3 years:

5

"(f)(1) In any claim that has not proceeded to a regular hearing, a settlement hearing, or an agreed award under the workers compensation act within three years from the date of filing an application for hearing pursuant to K.S.A. 44-534, and amendments thereto, the employer shall be permitted to file with the division an application for dismissal based on lack of prosecution. The matter shall be set for hearing with notice to the claimant's attorney, if the claimant is represented, or to the claimant's last known address. The administrative law judge may grant an extension for good cause shown, which shall be conclusively presumed in the event that the claimant has not reached maximum medical improvement, provided such motion to extend is filed prior to the three year limitation provided for herein. If the claimant cannot establish good cause, the claim shall be dismissed with prejudice by the administrative law judge for lack of prosecution. Such dismissal shall be considered a final disposition at a full hearing on the claim for purposes of employer reimbursement from the fund pursuant to subsection (b) of K.S.A. 44-534a, and amendments thereto." K.S.A. 2011 Supp. 44-523(f)(1).

In support of its argument that the court erred in applying the 2009 version of K.S.A. 44-523(f) (5-year window) as opposed to retroactively applying the 2011 amended version of the statute (3-year limitation), the District alleges that it is the date the claimant filed the application for hearing that controls which version of K.S.A. 44-523(f) applies. Specifically, the District contends the original and amended versions of the statute both look to this filing date as the trigger to start the time period running and each version also makes reference to the possibility of future amendments. The District claims that if the legislature would have wanted the date of injury to control application of K.S.A. 44-523, it would have omitted the language about amendments.

The District's argument is premised on language from both versions of K.S.A. 44-523(f), which states that the time period set forth in the statute begins running "from the date of filing an application for hearing pursuant to K.S.A. 44-534, and amendments thereto." See K.S.A. 2006 Supp. 44-523(f); K.S.A. 2016 Supp. 44-523(f)(1). But the fact that the date of filing the application for hearing starts the clock on the time period has no bearing on which version of the statute applies. And the language relating to amendments

6

is merely a reference to the statutory provision under which an application for hearing is filed; we find nothing in this language to indicate that the legislature intended the application for hearing to trigger which version of the statute controls.

Alternatively, the District argues that even if the date of injury determines which version of K.S.A. 44-523(f) applies, the 2011 statutory amendments should apply retroactively to bar Knoll's claim. As a general rule, a statute operates prospectively unless (1) the statutory language clearly indicates the legislature intended the statute to operate retrospectively or (2) the change is procedural or remedial in nature. See *Norris v. Kansas Employment Security Bd. of Review*, 303 Kan. 834, 841, 367 P.3d 1252 (2016). Under either exception, the statute may not be applied retrospectively if it would prejudicially affect a party's substantive or vested rights. *Brennan v. Kansas Insurance Guaranty Ass'n*, 293 Kan. 446, 460, 264 P.3d 102 (2011). "Procedural laws are those that concern 'the manner and order of conducting suits—in other words, the mode of proceeding to enforce legal rights.' [Citation omitted.] Substantive laws establish the 'rights and duties of parties.' [Citation omitted.]" *Rios v. Board of Public Utilities of Kansas City*, 256 Kan. 184, 191, 883 P.2d 1177 (1994).

K.S.A. 2016 Supp. 44-523(f)(1) does not expressly state that the amendments enacted in 2011 are to be applied retroactively. But the District asserts that the amendment at issue in this case is procedural and applies retroactively in that it "only deal[s] with the mechanics of how the claimant enforces her rights, and it does not define the legal right or create any rights or obligations."

In response to this assertion, Knoll points out that the District's argument in favor of retroactive application is contrary to our decision in *Welty*. In that case, the claimant was injured in 2003 and filed an application for hearing in 2004, but the matter did not proceed to a final hearing until 2010. The employer asked the ALJ to dismiss the case pursuant to K.S.A. 2006 Supp. 44-523(f) because the claimant's case had not proceeded

to a final hearing within 5 years of the filing of the application for a hearing. The ALJ held that K.S.A. 2006 Supp. 44-523(f) should operate prospectively and did not affect the claimant's case because her accident occurred in 2003, prior to the effective date of the statute. The Board affirmed the ALJ's decision. 48 Kan. App. 2d 798-99. On review, we rejected the employer's argument that K.S.A. 2006 Supp. 44-523(f) was procedural and therefore should apply retroactively. Specifically, we noted the absence of language in the statute indicating a legislative intent that it be applied retroactively and found that the statutory amendment implicated the substantive rights of injured workers by extinguishing rights and remedies the claimant had prior to its enactment. We concluded that the claimant's substantive rights were determined by the law in existence at the time of her injury and affirmed the Board's ruling. 48 Kan. App. 2d at 801-03.

The decision in *Welty* is sound based on the facts presented in that case. But Knoll's reliance on the outcome in that case is misplaced. Unlike the facts presented here, the newly enacted subsection of the statute under consideration by the court in *Welty* was not a procedural amendment to an existing statute but an entirely new subsection supplementing the existing statute. Prior to the amendments in 2006, which created K.S.A. 44-523(f), there was no provision in the Kansas Workers Compensation Act that required the Division to dismiss a claim for want of prosecution in the absence of a timely motion for extension of time for good cause shown. The 2006 amendment adding subsection (f) established that duty. In doing so, the legislature provided a window of time within which a claimant either must proceed to a hearing or file a motion for extension of time to do so. Thus, to a certain extent, the newly enacted subsection (f) extinguished rights the claimant had prior to its enactment by establishing a limitation on how long the claimant had to pursue a claim. Again, the Division had no ability to dismiss a claim prior to 2006. Therefore, the court was correct in holding that the statute could not apply retroactively because it extinguished substantive rights the claimant previously held.

8

But the 2011 amendment to the already existing subsection (f) operates differently. The substantive rights and duties of the parties—the duty of the Division to dismiss a claim for want of prosecution in the absence of a timely motion for extension of time for good cause shown—remained unchanged. The 2011 amendment to subsection (f) did not affect Knoll's substantive right to file her application for hearing or to pursue her claim for compensation. Her claim was subject to dismissal for want of prosecution both before and after the 2011 amendment. Instead, the legislature's decision to shorten the time period from 5 to 3 years merely changed the manner in which Knoll could proceed in enforcing those substantive rights. That change is procedural, not substantive. The court must give effect to the statute's express language rather than determine what the law should or should not be. *Hoesli*, 303 Kan. at 362. It is up to the legislature to change the statute if it wants to avoid this clearly harsh result in the future.

In sum, we conclude the 2011 amendment to K.S.A. 44-523(f) that changed from 5 to 3 years the time limitation for dismissing a workers compensation claim and filing a motion to extend that time limitation is procedural in nature and retrospective application of the statute as amended would not prejudicially affect Knoll's substantive or vested rights. Applying the 3-year time limitation in the 2011 amendment retroactively to Knoll's claim, we find her March 4, 2015, motion requesting an extension of time to proceed to a hearing was untimely filed and therefore her claim was subject to dismissal for lack of prosecution.

Reversed and remanded with direction to dismiss Knoll's claim for benefits.