IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 116,167

HELEN LOREE KNOLL,
*Appellee*,

v.

OLATHE SCHOOL DISTRICT NO. 233,
*Appellant*.

SYLLABUS BY THE COURT

1.

In a workers compensation case, the substantive rights between the parties are determined by the law in effect on the date of injury. However, amendments to the compensation act that are merely procedural or remedial in nature and that do not prejudicially affect substantive rights of the parties apply to pending cases.

2.

Generally, statutes of limitations are considered procedural.

3.

If a workers compensation claimant filed an application for hearing under K.S.A. 44-534 after K.S.A. 2011 Supp. 44-523(f)(1) took effect, the 2011 statute governs the claim.

Review of the judgment of the Court of Appeals in 54 Kan. App. 2d 335, 398 P.3d 223 (2017). Appeal from Workers Compensation Board. Opinion filed April 19, 2019. Judgment of the Court of Appeals reversing the Workers Compensation Board is affirmed. Judgment of the Workers Compensation Board is reversed and the case is remanded with directions.

*Kip A. Kubin*, of Bottaro, Kubin & Yocum, P.C., of Leawood, argued the cause and was on the brief for appellant.

*James R. Shetlar*, of James R. Shetlar Law Offices, of Overland Park, argued the cause and was on the brief for appellee.

PER CURIAM: Helen Knoll filed an application for hearing with the Kansas Division of Workers Compensation. When the claim did not proceed to final hearing within three years from that filing and Knoll had not filed a motion for extension, Olathe School District (school district) moved for the dismissal of the claim. The administrative law judge (ALJ) denied the motion, reasoning that Knoll had five years to proceed to final hearing or file a motion under K.S.A. 2009 Supp. 44-523(f). The Kansas Workers Compensation Board (the Board) affirmed. The Court of Appeals reversed, holding that K.S.A. 2011 Supp. 44-523(f)(1) controlled Knoll's claim and required its dismissal when Knoll did not file a motion for extension within three years of filing her application for hearing. Knoll challenges that decision. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Knoll was injured while working for the school district on October 29, 2009. Knoll filed an application for hearing with the Kansas Division of Workers Compensation on November 14, 2011. On February 15, 2015, the school district and its insurer moved to have Knoll's claim dismissed pursuant to K.S.A. 2011 Supp. 44-523(f)(1), because the claim had not proceeded to a final hearing within three years of the filing of an application for hearing.

On March 4, 2015, Knoll filed a motion for an extension of her claim, alleging good cause. The school district filed a motion in opposition and Knoll responded. In her

2

response, Knoll acknowledged that K.S.A. 2011 Supp. 44-523(f)(1) governed her claim since it was the law in effect when she filed the application for hearing, but she argued that it did not create a time limit on filing a motion for extension. On May 4, 2015, Knoll amended this response. She argued that the motion to dismiss should be denied because K.S.A. 2009 Supp. 44-523(f) actually governed her claim and that version of the statute gives a claimant five years from the date of filing an application for hearing to file a motion for extension.

After considering the parties' motions, the ALJ concluded that the 2009 version of K.S.A. 44-523 governed Knoll's claim and, therefore, her motion for extension was timely. As a result, it denied the school district's motion to dismiss. The case proceeded to final hearing and the ALJ entered an award of compensation. The school district sought review with the Board of the ALJ's denial of the motion to dismiss. The Board affirmed the denial and the school district appealed. The Court of Appeals disagreed with the ALJ and the Board. It concluded that the 2011 version of K.S.A. 44-523 applied retroactively to Knoll's claim and required that Knoll file her motion for extension within three years. Because she had not filed her motion within that time limit, the panel held that the ALJ should have granted the motion to dismiss. It reversed the Board and the ALJ and remanded the case to the ALJ with directions to dismiss Knoll's claim. *Knoll v. Olathe School District No. 233*, 54 Kan. App. 2d 335, 342, 398 P.3d 223 (2017).

Knoll petitioned for this court's review, arguing that K.S.A. 2009 Supp. 44-523(f) governs her claim and gave her five years to file her motion for extension. We granted Knoll's petition for review.

ANALYSIS

*Standard of Review*

A statute's applicability presents a question of law. This court reviews questions of law de novo. *Edwards v. Anderson Engineering, Inc.*, 284 Kan. 892, 900, 166 P.3d 1047 (2007).

*Discussion*

When Knoll suffered her injury, K.S.A. 2009 Supp. 44-523(f) was in effect. It read as follows:

> "Any claim that has not proceeded to final hearing, a settlement hearing, or an agreed award under the workers compensation act within five years from the date of filing an application for hearing pursuant to K.S.A. 44-534, and amendments thereto, shall be dismissed by the administrative law judge for lack of prosecution. The administrative law judge may grant an extension for good cause shown, which shall be conclusively presumed in the event that the claimant has not reached maximum medical improvement, provided such motion to extend is filed prior to the five year limitation provided for herein. This section shall not affect any future benefits which have been left open upon proper application by an award or settlement." K.S.A. 2009 Supp. 44-523(f).

This statute remained the same until 2011, when the Legislature amended it and recodified it at K.S.A. 44-523(f)(1). The new statute, which became effective on May 15, 2011, provides the following language:

> "In any claim that has not proceeded to a regular hearing, a settlement hearing, or an agreed award under the workers compensation act within three years from the date of

filing an application for hearing pursuant to K.S.A. 44-534, and amendments thereto, the employer shall be permitted to file with the division an application for dismissal based on lack of prosecution. The matter shall be set for hearing with notice to the claimant's attorney, if the claimant is represented, or to the claimant's last known address. The administrative law judge may grant an extension for good cause shown, which shall be conclusively presumed in the event that the claimant has not reached maximum medical improvement, provided such motion to extend is filed prior to the three year limitation provided for herein. If the claimant cannot establish good cause, the claim shall be dismissed with prejudice by the administrative law judge for lack of prosecution. Such dismissal shall be considered a final disposition at a full hearing on the claim for purposes of employer reimbursement from the fund pursuant to subsection (b) of K.S.A. 44-534a, and amendments thereto." K.S.A. 2011 Supp. 44-523(f)(1).

For our purposes, the relevant change is the reduction in time claimants have to proceed to a regular hearing, a settlement hearing, or an agreed award from five years to three years.

The parties agree that, if the 2011 version applies to this case, then Knoll's claim should have been dismissed when she did not file a motion for extension within three years from filing her application for hearing, but if the 2009 version applies, then Knoll's claim was not subject to dismissal because she had five years to file the motion and she met that deadline. This stipulation comports with our decision in *Glaze v. J.K. Williams*, 309 Kan. ___, ___ P.3d ___ (No. 115,763, this day decided).

Knoll argues the 2009 statute governs her claim because the date of a claimant's injury triggers the applicable law in a workers compensation case, and that K.S.A. 2011 Supp. 44-523(f)(1) cannot be applied retroactively because it affects her substantive right to have five years to proceed to a final hearing.

5

In a workers compensation case, "[t]he substantive rights between the parties are determined by the law in effect on the date of injury." *Lyon v. Wilson*, 201 Kan. 768, 774, 443 P.2d 314 (1968). However, "[a]mendments to the compensation act which are merely procedural or remedial in nature, and which do not prejudicially affect substantive rights of the parties, apply to pending cases." *Lyon*, 201 Kan. at 774.

Knoll is partially correct—the beginning point for applicable law in a workers compensation case is the date of injury. But, when a law changes, it applies to a pending case when it has only procedural effect. Therefore, the determinant factor in this case is whether the 2011 amendments to K.S.A. 44-523(f) were procedural in nature.

Generally, statutes of limitations are considered procedural. *White v. State*, 308 Kan. 491, 500, 421 P.3d 718 (2018). A statute of limitations is "[a] law that bars claims after a specified period; specif[ically], a statute establishing a time limit for suing in a civil case, based on the date when the claim accrued . . . ." Black's Law Dictionary 1636 (10th ed. 2014). This court has reasoned that a statute of limitations is considered procedural because it "cuts off the remedy," as opposed to "abolish[ing] [a] cause of action," *Harding v. K.C. Wall Products, Inc.,* 250 Kan. 655, 668, 831 P.2d 958 (1992), and because it "can be waived, lost, or extended by statute." *State v. Dupree*, 304 Kan. 43, 53, 371 P.3d 862, *cert. denied* 137 S. Ct. 310 (2016).

The 2011 amendment is not exactly a statute of limitations, but it is very similar. K.S.A. 2011 Supp. 44-523 establishes a time limit on completing a claim based on the date when the claim was filed. Similar to a statute of limitations, this statute cuts off a remedy and can be waived, lost, or extended by statute.

Furthermore, the 2011 amendment took effect before Knoll filed her application for hearing. If the amendment thwarted a right to have five years to proceed to final

6

hearing from the time of filing, as Knoll argues, it did so before Knoll even asserted that right. Both of these observations lead us to conclude that, in this case, the 2011 amendment effected procedural change, not substantive change.

Knoll disagrees. She asserts that this amendment was substantive, and, as a result, its application to her claim would be impermissibly retroactive. She relies on *Welty v. U.S.D.* 259, 48 Kan. App. 2d 797, 302 P.3d 1080 (2012), to support her argument. Knoll asserts that, if this court affirms the panel here, it should acknowledge this decision as a reversal of *Welty*. We reject her contention because *Welty* is distinguishable.

In *Welty*, a claimant filed an application for hearing in 2004, alleging that she sustained injuries in 2003 while working for U.S.D. 259. When she filed her application, there was no requirement that claims proceed to final hearing by a certain time. In 2006, the Legislature enacted K.S.A. 44-523(f), thereby requiring that all claims proceed to final hearing within five years from the filing of an application for hearing. The claim proceeded to final hearing in 2010. The Court of Appeals was tasked with deciding whether K.S.A. 2006 Supp. 44-523(f) applied to the claim, requiring its dismissal. The panel concluded that it did not, because it was "not persuaded that th[e] amendment to the law was a mere procedural change that had no effect to deprive some injured workers of benefits that were vested in them." *Welty*, 48 Kan. App. 2d at 802.

We do not overrule *Welty*, because there is a significant difference between that case and Knoll's: the claimant in *Welty* filed her application *before* the applicable amendment. Here, Knoll filed her application after the amendment. By the time the amendment took effect in *Welty*, the claimant had already lost time in filing her application—time that she was not aware she had to lose. Here, because the amendment happened before Knoll filed her application for hearing, she was aware of how much time she had to lose the moment the clock began to run.

7

We conclude that K.S.A. 2011 Supp. 44-523(f)(1) applies to any cases that were pending during its enactment when the claimant did not file an application for hearing until after the 2011 amendments took effect. Though Knoll suffered her injury in 2009, she filed her application for hearing six months after the 2011 amendments became effective. Accordingly, K.S.A. 2011 Supp. 44-523(f)(1) controlled her claim. Because Knoll did not file her motion for extension until after the three-year time limit provided for therein, the Court of Appeals was correct when it reversed the Board's decision affirming the ALJ's denial of the school district's motion for dismissal.

The Court of Appeals decision reversing the Board and remanding to the ALJ with directions to dismiss Knoll's claim is affirmed.

LUCKERT, J., not participating.
WILLIAM R. MOTT, District Judge, assigned.[1]

* * *

ROSEN, J., dissenting: In *Glaze v. J.K. Williams,* No. 115,763, this day decided, I concluded that the 2011 amendments did not create a three-year time limit on filing a motion for extension. Therefore, while I agree that K.S.A. 2011 Supp. 44-523(f)(1) governs Knoll's claim, I do not think this statute prohibited the administrative law judge (ALJ) from granting Knoll's motion for extension. Knoll's employer did not argue on

---

[1]**REPORTER'S NOTE:** District Judge Mott was appointed to hear case No. 116,167 vice Justice Luckert under the authority vested in the Supreme Court by art. 3, § 6(f) of the Kansas Constitution.

8

appeal that Knoll lacked good cause for an extension or that the ALJ erred in calculating Knoll's award. I would affirm the Court of Appeals decision to reverse the Workers Compensation Board, but rather than remanding to the ALJ with directions to dismiss Knoll's claim, I would remand the case with directions to hold a hearing on good cause.