No. 115,763

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

TIMMY GLAZE,
*Appellant*,

v.

J.K. WILLIAMS, LLC, and COMMERCE & INDUSTRY INSURANCE COMPANY,
*Appellees*.

SYLLABUS BY THE COURT

1.

When a statute is plain and unambiguous, an appellate court should not speculate about the legislative intent behind that clear language, and it should refrain from reading something into the statute that is not readily found in its words. The court must give effect to the statute's express language rather than determine what the law should or should not be. Where there is no ambiguity, the court need not resort to statutory construction.

2.

K.S.A. 2011 Supp. 44-523(f)(1) is not ambiguous.

3.

If a claimant's workers compensation claim has not proceeded to a regular hearing, a settlement hearing, or an agreed award under the Workers Compensation Act within 3 years from the date of filing an application for hearing, the employer may file a motion to dismiss the claim for lack of prosecution. In order to survive such a motion to dismiss, at a minimum, the claimant must have filed a motion to extend the claim prior to

expiration of the 3-year time limitation. Only then will the court proceed to determine whether there is good cause for the extension.

Appeal from Workers Compensation Board. Opinion filed February 24, 2017. Affirmed.

*Daniel L. Smith*, of Ankerholz and Smith, of Overland Park, for appellant.

*Ryan D. Weltz* and *Christopher J. McCurdy*, of Wallace, Saunders, Austin, Brown & Enochs, Chartered, of Overland Park, for appellees.

*Jan L. Fisher*, of McCullough, Wareheim & LaBunker, of Topeka, for *amicus curiae* Kansas AFL-CIO.

Before ARNOLD-BURGER, C.J., PIERRON and MALONE, JJ.

ARNOLD-BURGER, C.J.: Timmy Glaze's workers compensation claim was dismissed by the Kansas Workers Compensation Board (Board) pursuant to K.S.A. 2011 Supp. 44-523(f)(1), because his claim had not proceeded to hearing within 3 years of filing and he had not requested an extension within that 3-year period. It was dismissed in spite of the fact that he had not been dilatory in pursuing his claim, he had not abandoned his claim, and there was no dispute that he had not reached maximum medical improvement. Unfortunately, the statute that requires this result, although inartfully drafted, is not ambiguous so we are required to uphold the Board's decision. It is up to the legislature to change the statute if it wants to avoid this clearly harsh result in the future. In addition, we cannot find that the dismissal of the case denies Glaze his right to be heard at a meaningful time and in a meaningful manner under § 18 of the Kansas Constitution Bill of Rights. The statute provides Glaze a sufficient opportunity to proceed with his claim if he does so under the time requirements of the statute. Accordingly, we affirm the decision of the Board dismissing Glaze's claim.

2

In August 2011, Glaze slipped and fell at work, injuring his left side. Glaze filed an application for a workers compensation hearing in Kansas on December 5, 2012. Glaze lived in Alabama at the time of filing the application. In August 2013, Glaze sent respondent J.K. Williams (Williams) expert reports and a demand for the payment of permanent total disability benefits. Williams scheduled evaluations for Glaze to attend in October 2013 in Kansas City. Glaze refused to attend the evaluations and requested rescheduling because Williams had not prepaid the mileage for the trip. The parties appeared in court in July 2014 to settle issues related to payment for the trip.

Williams filed a motion to dismiss on January 4, 2016. The basis for the motion to dismiss was that "[c]laimant has failed to move the claim towards Regular Hearing or settlement within three years after the date of the filing of the Application for Hearing." On January 29, 2016, Glaze filed a request for extension of time to schedule out of state depositions and schedule a regular hearing. A hearing on the motions occurred on February 3, 2016. The primary issue was whether K.S.A. 2011 Supp. 44-523(f) required dismissal of Glaze's claim because he did not file a motion for extension within 3 years of his application for a hearing. The administrative law judge (ALJ) ruled that K.S.A. 2011 Supp. 44-523(f)(1) required her to dismiss the case because Glaze did not file a motion to extend time to proceed to regular hearing until after the 3-year limitation on filing such motions had passed. The Kansas Workers Compensation Appeals Board affirmed the ALJ's decision, with one Board member dissenting.

Glaze appealed.

ANALYSIS

*K.S.A. 2011 Supp. 44-523(f)(1) requires that the Board dismiss Glaze's claim.*

On appeal, Glaze argues that K.S.A. 2011 Supp. 44-523(f)(1) is ambiguous and does not require dismissal of his claim. The Kansas AFL-CIO filed an *amicus curiae* brief in support of Glaze's argument.

K.S.A. 2011 Supp. 44-556(a) directs that final orders of the Workers Compensation Board are subject to review under the Kansas Judicial Review Act, K.S.A. 77-601 *et seq.*, as amended. Appellate courts have unlimited review of questions involving the interpretation or construction of a statute, owing no deference to the agency's or the Board's interpretation or construction. *Fernandez v. McDonald's*, 296 Kan. 472, 475, 292 P.3d 311 (2013).

When a statute is plain and unambiguous, an appellate court should not speculate about the legislative intent behind that clear language, and it should refrain from reading something into the statute that is not readily found in its words. *Hoesli v. Triplett, Inc.*, 303 Kan. 358, 362, 361 P.3d 504 (2015). The court must give effect to the statute's express language rather than determine what the law should or should not be. 303 Kan. at 362. Where there is no ambiguity, the court need not resort to statutory construction. Only if the statute's language or text is unclear or ambiguous does the court use canons of construction or legislative history to construe the legislature's intent. 303 Kan. at 362.

K.S.A. 2006 Supp. 44-523(f) "provides a way for the workers compensation division to cleanse its house of stale claims." *Welty v. U.S.D. No. 259*, 48 Kan. App. 2d 797, 800, 302 P.3d 1080 (2012). Subsection (f) was added to the statute during the 2006 legislative session, 48 Kan. App. 2d at 800, and amended in 2011. L. 2011, ch. 55, sec.

17. The 2011 version of the statute is the version of the statute under which the ALJ made her ruling in Glaze's case. The relevant amended language is as follows:

> "In any claim that has not proceeded to a regular hearing, a settlement hearing, or an agreed award under the workers compensation act within three years from the date of filing an application for hearing . . . the employer shall be permitted to file with the division an application for dismissal based on lack of prosecution. The matter shall be set for hearing with notice to the claimant's attorney, if the claimant is represented, or to the claimant's last known address. The administrative law judge may grant an extension for good cause shown, which shall be conclusively presumed in the event that the claimant has not reached maximum medical improvement, provided such motion to extend is filed prior to the three year limitation provided for herein. If the claimant cannot establish good cause, the claim shall be dismissed with prejudice by the administrative law judge for lack of prosecution." K.S.A. 2011 Supp. 44-523(f)(1).

Glaze breaks the statute down into individual sentences. He argues that the first sentence requires employers to establish a lack of prosecution as grounds for dismissal. Glaze says that this sentence "does not state that the mere passage of three years constitutes a lack of prosecution. Rather, the statutory language provides that the passage of three years is the minimum required before a respondent can assert a claim of lack of prosecution and seek dismissal of the claimant's case." However, this interpretation is faulty because the statute does not require the employer to establish lack of prosecution. The fourth sentence of the statute requires the ALJ to dismiss the claim for lack of prosecution if the claimant cannot show good cause, whether or not the employer proves that the claimant has failed to prosecute. "The statute equates a lack of prosecution with a claimant taking more than three years after the filing of an application for hearing to get to a regular hearing, settlement hearing or award." *Hackler v. Peninsula Gaming Partners, LLC*, No. 1,060,759, 2016 WL 858312, at *5 (Kan. Work. Comp. App. Bd. February 25, 2016).

5

Glaze also argues that that the third sentence of the statute is ambiguous. The third sentence gives the ALJ discretion to grant an extension for good cause, "which shall be conclusively presumed in the event that the claimant has not reached maximum medical improvement, provided such motion to extend is filed prior to the three year limitation provided for herein." K.S.A. 2011 Supp. 44-523(f)(1). Glaze argues that it is unclear whether the last clause in sentence three "applies to the immediate description of the conclusive presumption of good cause or is to be stretched somehow to apply to the initial independent main clause as the Board had found."

It is clear from the plain language of the statute that the last clause, requiring the claimant to make a motion to extend within 3 years, applies to the opening clause of the sentence. The opening clause gives the ALJ discretion to grant a motion for extension for good cause, but the final clause states that the motion for extension must be filed within 3 years. The clause in the middle of the sentence simply provides the circumstances under which good cause will be presumed—when the claimant has not reached maximum medical improvement—and does not relate to the motion to extend. Accepting Glaze's interpretation of the statute would mean that the conclusive presumption of good cause would only apply if the claimant filed a motion to extend within the 3-year limit. We can think of no logical reason why the legislature would limit the use of the presumption in this manner.

This court recently reached the same conclusion in *Breedlove v. Richardson Hauling Inc.*, No. 114,600, 2016 WL 5844575 (Kan. App. 2016) (unpublished opinion), examining K.S.A. 2007 Supp. 44-523. *Breedlove* was decided after the parties in this case wrote their briefs, so neither party discusses it. While it involves the 2007 statutory language, the analysis is still applicable to the 2011 statutory language. The 2007 language was as follows:

6

"Any claim that has not proceeded to final hearing, a settlement hearing, or an agreed award under the workers compensation act within five years from the date of filing an application for hearing . . . shall be dismissed by the administrative law judge for lack of prosecution. The administrative law judge may grant an extension for good cause shown, which shall be conclusively presumed in the event that the claimant has not reached maximum medical improvement, provided such motion to extend is filed prior to the five year limitation provided for herein." K.S.A. 2007 Supp. 44-523(f).

In *Breedlove*, the claimant's claim was dismissed for lack of prosecution under K.S.A. 2007 Supp. 44-523(f) because more than 5 years had passed since the claimant had made an application for a workers compensation hearing. The claimant had filed a motion for extension, but it was untimely because the motion was made after the 5-year time limit. The court relied upon the language in K.S.A. 2007 Supp. 44-523(f) that stated "that a motion for extension of time for good cause is timely 'provided such motion to extend is filed prior to the five year limitation provided for herein.'" 2016 WL 5844575, at *6. Based on this language, the court held that the claimant "needed to request an extension of time before the 5-year time limit to prosecute the claim had elapsed. Otherwise, the ALJ would no longer have jurisdiction to consider the motion for extension of time." 2016 WL 5844575, at *6.

The *Breedlove* court noted that 44-523(f) had been revised since the notice of appeal was filed in the case and that the current revision simply changed the time limit for lack of prosecution from 5 years to 3 years. 2016 WL 5844575, at *4. However, the remaining statutory language that the *Breedlove* court relied upon, "provided such motion to extend is filed prior to the [five/three] year limitation provided for herein," remains unchanged. Compare K.S.A. 2007 Supp. 44-523(f) with K.S.A. 2011 Supp. 44-523(f)(1). This is exactly the portion of the statute that Glaze challenges as ambiguous. Because the statute contains the same operative language now as it did in the *Breedlove* decision, we find the court's interpretation of the statute in *Breedlove* to be persuasive.

7

There have also been several Board decisions that interpreted K.S.A. 2011 Supp. 44-523(f)(1) in the same way as the ALJ in this case interpreted it. See *Hackler*, 2016 WL 858312, at *5 ("[A] motion to extend must be filed within the three years after an application for hearing is filed and claimant must prove good cause to warrant an extension. . . . In this case, claimant had good cause, but filed her motion outside of the three year time frame."); *Hoffman v. Dental Central, P.A.*, No. 1,058,645, 2015 WL 4071473, at *5 (Kan. Work. Comp. App. Bd. June 26, 2015) (noting that "the statute is very specific in its requirement that the motion to extend be filed prior to the running of the three year limitation"); *Ramstad v. U.S.D. 229*, No. 1,059,881, 2015 WL 5462026, at *2 (Kan. Work. Comp. App. Bd. August 31, 2015) ("The motion [for extension] must be filed prior to the expiration of the three-year period. No such motion was filed. The plain language of K.S.A. 2011 Supp. 44-523(f)(1) requires dismissal."). Appellate courts are not required to give significant deference to an agency or board's statutory interpretation. *Ft. Hays St. Univ. v. University Ch., Am. Ass'n of Univ. Profs.*, 290 Kan. 446, 457, 228 P.3d 403 (2010). However, the Board decisions provide further evidence that the statute is not ambiguous.

Glaze points to a dissenting opinion in the *Hackler* case as evidence that the statute is ambiguous. Like Glaze, the dissenting Board member in *Hackler*—the same Board member who dissented in Glaze's case, Thomas D. Arnhold—looked at the sentences in the statute in isolation and concluded that "regardless of the inevitable passage of time, the first sentence of K.S.A. 2011 Supp. 44-523(f) clearly states a lack of prosecution is a condition necessary for a respondent to file a motion to dismiss." *Hackler*, 2016 WL 858312, at *6 (Arnhold, dissenting). Board member Arnhold also argued that the fourth sentence ("If the claimant cannot establish good cause, the claim shall be dismissed with prejudice by the administrative law judge for lack of prosecution.") requires a judge to find both a lack of prosecution and a lack of good cause before dismissing the case. 2016 WL 858312, at *7. While this is a creative interpretation

8

of the statute, it ignores the third sentence which states that a motion to extend for good cause must be filed within 3 years. K.S.A. 2011 Supp. 44-523(f)(1).

In sum, we find that K.S.A. 2011 Supp. 44-523(f)(1) is not ambiguous. If a claimant's workers compensation claim has not proceeded to a regular hearing, a settlement hearing, or an agreed award under the Workers Compensation Act within 3 years from the date of filing an application for hearing, the employer may file a motion to dismiss the claim for lack of prosecution. In order to survive such a motion to dismiss, at a minimum, the claimant must have filed a motion to extend the claim prior to expiration of the 3-year time limitation. Only then will the court proceed to determine whether there is good cause for the extension.

Because the 3-year time limitation in K.S.A. 2011 Supp. 44-523(f)(1) is not ambiguous, the statute authorized the dismissal of Glaze's claim. The Board's decision is affirmed. The court must give effect to the statute's express language rather than determine what the law should or should not be. See *Hoesli*, 303 Kan. at 362. It is up to the legislature to change the statute if it wants to avoid this clearly harsh result in the future.

*As applied to the facts of this case, K.S.A. 2011 Supp. 44-523(f)(1) does not represent a denial of due process under § 18 of the Kansas Constitution Bill of Rights.*

Glaze also argues that the Board's application of K.S.A. 2011 Supp. 44-523(f)(1) to dismiss his claim deprived him of his procedural and substantive due process rights in violation of § 18 of the Kansas Constitution Bill of Rights. The appellees argue that there was no procedural due process violation and that Glaze failed to preserve any substantive due process issue. Glaze does not make distinct procedural or substantive due process arguments; rather, his primary argument is that the application of K.S.A. 2011 Supp. 44-523(f)(1) deprived him of an opportunity for a full and complete hearing. Glaze made

9

this same argument to the ALJ, so the issue of whether Glaze was given an opportunity to be heard is preserved for review.

Determining a statute's constitutionality is a question of law subject to unlimited review. The appellate courts presume statutes are constitutional and must resolve all doubts in favor of a statute's validity. Courts must interpret a statute in a way that makes it constitutional if there is any reasonable construction that would maintain the legislature's apparent intent. *Solomon v. State*, 303 Kan. 512, 523, 364 P.3d 536 (2015).

Section 18 of the Kansas Constitution Bill of Rights states: "All persons, for injuries suffered in person, reputation or property, shall have remedy by due course of law, and justice administered without delay." "The basic elements of procedural due process are notice and an opportunity to be heard at a meaningful time and in a meaningful manner." *State v. Wilkinson*, 269 Kan. 603, 608, 9 P.3d 1 (2000). Because Glaze is challenging his opportunity to be heard, he is making a procedural due process claim.

Glaze argues that he "was afforded a notice of a hearing" but that "the hearing itself did not afford an opportunity for a full hearing." Glaze is referencing the hearing mandated by K.S.A. 2011 Supp. 44-523(f)(1). The statute says that when an employer files an application for dismissal based on lack of prosecution the matter shall be set for hearing and the claimant notified. K.S.A. 2011 Supp. 44-523(f)(1). Glaze was provided notice of this hearing, but Glaze describes the hearing as a "meaningless exercise" because the ALJ did not consider his argument that he had good cause for an extension. It is true that Glaze did not have the opportunity to present his good cause for extension arguments at this hearing, but that does not mean that Glaze did not have the opportunity to present the arguments at all. K.S.A. 2011 Supp. 44-523(f)(1) gives claimants 3 years to proceed to a regular hearing or file a motion to extend. Glaze had ample opportunity within those 3 years to move forward with his case. But he did not. Due process

10

requirements were satisfied because Glaze was given this opportunity, and Glaze cannot now claim that his failure to take advantage of that opportunity violates his constitutional rights.

Affirmed.