NOT DESIGNATED FOR PUBLICATION

No. 117,540

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

AMY VOGEL,
*Appellant*,

v.

SALEM HOME and
KANSAS ASSOCIATION OF HOMES FOR THE AGING INSURANCE GROUP,
*Appellees*.

MEMORANDUM OPINION

Appeal from Workers Compensation Board. Opinion filed January 5, 2018. Affirmed.

*Jan L. Fisher*, of McCullough, Wareheim & LaBunker, of Topeka, for appellant.

*Michael L. Entz*, of Entz & Entz, P.A., of Topeka, for appellees.

Before STANDRIDGE, P.J., PIERRON, J., and BURGESS, S.J.

PER CURIAM: This is an appeal by claimant Amy Vogel in a workers compensation case. Vogel appeals from that part of the Kansas Workers Compensation Board's (Board) decision dismissing her claim against Salem Home (Salem) and its insurance carrier. For the reasons stated below, we affirm.

FACTS

On December 15, 2011, Vogel was employed by Salem as a certified nursing assistant and/or a certified medical assistant. On that day, Vogel suffered a back injury as

1

she helped a resident who was falling. Vogel filed an application for hearing with the Division of Workers Compensation on September 25, 2012.

On October 3, 2012, Vogel was working at Peabody Care Center (Peabody) when a resident pushed her, causing Vogel to fall backward, hit the floor, and injure her back again. Vogel filed an application for hearing with the Division of Workers Compensation on February 26, 2013.

On February 14, 2014, a preliminary hearing was held on Vogel's claim against Salem. At the hearing, Vogel asked the administrative law judge (ALJ) to approve additional medical treatment for her back. ALJ Brad E. Avery issued an order granting Vogel's request for back surgery and ordered Salem to pay for the surgery. In making this ruling, the ALJ relied on a report from Dr. Douglas Burton stating that Vogel was in need of back surgery as a result of the December 15, 2011 injury that occurred while Vogel was working for Salem.

On May 12, 2014, the ALJ consolidated Vogel's claim against Salem and Vogel's claim against Peabody but only for purposes of taking evidence. On January 5, 2016, a combined preliminary hearing was held before ALJ Steven M. Roth, where Vogel sought additional therapy and pain management. Salem and Peabody each denied responsibility for payment of Vogel's requested expenses. Following the hearing, the ALJ ordered Vogel to submit to an independent medical evaluation by Dr. P. Brent Koprivica and to choose an authorized treating physician for purposes of pain management and referral for physical therapy. The ALJ ordered Peabody to pay for costs associated with the authorized treating physician as well as any referral costs. Finally, the ALJ ordered Salem to reimburse Vogel for compression stockings.

Dr. Koprivica saw Vogel on July 11, 2016. Following his evaluation, Dr. Koprivica concluded that Vogel's need for back surgery and ongoing pain management was due to her October 3, 2012 accident while working for Peabody.

On September 12, 2016, Vogel filed a "MOTION FOR ENLARGEMENT OF TIME FOR THE CONDUCT OF A REGULAR HEARING" in her case against Salem. The motion requested that the ALJ issue an order under K.S.A. 2016 Supp. 44-523(f) extending the time to conduct a regular hearing by 18 months. In response, Salem filed a pleading asserting that Vogel's motion for extension of time should be denied as untimely and as lacking the good cause required under K.S.A. 2016 Supp. 44-523(f). In its pleading, Salem also asked the ALJ to dismiss Vogel's workers compensation claim under that statute for failure to timely proceed to a regular hearing or file a motion to extend the three-year deadline. Finally, Salem sought reconsideration of ALJ Avery's order that Salem pay for Vogel's medical expenses and requested the court order Peabody to reimburse Salem for the medical expenses it had paid pursuant to that order. In support of reconsideration, Salem pointed to the medical opinions of multiple physicians who disagreed that Vogel's need for surgery and ongoing treatment was attributable to her 2011 accident at Salem.

On November 16, 2016, the parties appeared for a combined hearing before ALJ Rebecca Sanders. Thereafter, the ALJ dismissed Vogel's claim against Salem and her separate claim against Peabody under K.S.A. 2016 Supp. 44-523(f)(1) because neither of the two claims had proceeded to hearing within three years of filing an application for hearing and she had not requested an extension in either case within that three-year period. In a separate decision, the ALJ denied Salem's request for reconsideration and reimbursement. The ALJ noted that there is no provision for reconsideration in the Kansas Workers Compensation Act and that Salem's motion for reconsideration was untimely, even under the most liberal consideration of procedural time limits because it was filed well over two years after ALJ Avery's 2014 order.

Vogel and Salem each asked the Board to review the ALJ's decision. Vogel challenged the ALJ's dismissal of her claim, while Salem challenged the ALJ's decision to deny its motion for reconsideration and reimbursement. On review, the Board reversed the ALJ's decision to deny Salem's request for reconsideration and reimbursement as contrary to K.S.A. 2016 Supp. 44-523(a), which provides that parties should have a reasonable opportunity to be heard and to present evidence. The Board remanded the matter to the ALJ "with instructions to determine if claimant's December 15, 2011, accident was the prevailing factor causing claimant's need for medical treatment by Dr. Burton and Salem's associated requests."

In a separate order, a majority of the Board, which included a concurring Board member, affirmed the ALJ's decision to dismiss Vogel's claim against Salem for failing to meet the time limits under K.S.A. 2016 Supp. 44-523(f)(1). The majority modified the ALJ's order to dismiss

> "by dismissing only claimant's claim against respondent. All other issues between Salem Home (and its insurance carrier) and Peabody Care Center (and its insurance carrier) remain open, including Salem Home's allegation that claimant's December 15, 2011, accident was not the prevailing factor causing her need for surgery, which was raised in its motion for reconsideration and reimbursement."

Vogel filed a timely petition for review with this court. We issued an order to show cause as to why the appeal should not be dismissed as interlocutory, given that issues between Salem and Peabody remained open. In her response, Vogel argued that because the Board had dismissed her claim against Salem and she was not a party to the issues remaining between Salem and Peabody, she had no other way to appeal the Board's dismissal of her claim. Given the unusual procedural history of the case, we retained the appeal but ordered the parties to brief the jurisdictional issue.

4

Before reaching the merits of Vogel's argument that the Board erred in dismissing her claim against Salem as untimely under K.S.A. 2016 Supp. 44-523(f)(1), we must first determine whether we have jurisdiction over Vogel's appeal. Salem has no objection to this court asserting jurisdiction over Vogel's appeal and asks that we reach the merits of her argument.

*Jurisdiction*

Subject matter jurisdiction is the power of a court or agency to hear and decide a case. See *Grajeda v. Aramark Corp.*, 35 Kan. App. 2d 598, 603, 132 P.3d 966 (2006). In Kansas, the right to appeal is entirely statutory, and our appellate courts have jurisdiction to entertain an appeal only if the appeal is taken in the manner prescribed by a statute. *Wiechman v. Huddleston*, 304 Kan. 80, 86-87, 370 P.3d 1194 (2016). An appellate court cannot expand or assume jurisdiction where a statute does not provide it. *Jones v. Continental Can Co.*, 260 Kan. 547, 558, 920 P.2d 939 (1996). Whether jurisdiction exists is a question of law over which this court's scope of review is unlimited. *Fuller v. State*, 303 Kan. 478, 492, 363 P.3d 373 (2015).

Final orders of the Board are subject to review by this court under the Kansas Judicial Review Act (KJRA), K.S.A. 77-601 et seq., as amended. K.S.A. 2016 Supp. 44-556(a). K.S.A. 77-607(b) defines what constitutes a final order and reads in relevant part:

> "(1) 'Final agency action' means the whole or a part of any agency action other than nonfinal agency action;
> "(2) 'Nonfinal agency action' means the whole or part of an agency determination, investigation, proceeding, hearing, conference or other process that the agency intends or is reasonably believed to intend to be preliminary, preparatory,

5

procedural or intermediate with regard to subsequent agency action of that agency or another agency."

At first glance, the Board's order dismissing Vogel's claim against Salem does not appear to be final because it leaves an open issue; specifically, Salem Home's allegation that claimant's December 15, 2011 accident was not the prevailing factor causing her need for surgery, which was raised in Salem's motion for reconsideration and reimbursement. But in Vogel's response to our order to show cause, she argued that the Board's order should be considered a final order subject to our review because it completely disposed of her claim against Salem. Vogel notes that she lacked standing to participate in the any future hearings before the ALJ on the open issue related to reimbursement; thus, if we do not entertain her appeal now, she would be deprived of any opportunity to appeal the Board's dismissal of her claim later.

Vogel's argument is persuasive. The Board's order was not intended to be preliminary, preparatory, procedural, or intermediate with respect to Vogel. Indeed, the order ended the agency proceedings involving Vogel. The only remaining issue to be resolved by the ALJ is whether Salem is entitled to reimbursement for medical expenses it paid on Vogel's behalf. See *Rivera v. Cimarron Dairy*, 267 Kan. 865, 869, 988 P.2d 235 (1999) (holding that Board's order dismissing claimant's case following preliminary hearing ended agency proceedings and was thus a final order). If we were to dismiss Vogel's appeal on jurisdictional grounds, she would have no ability to seek review of the Board's dismissal of her claim against Salem. Because the Board's order is final as to Vogel, we will reach the merits of her appeal.

*Dismissal*

Vogel argues that the Board erred in affirming the ALJ's dismissal of her claim under K.S.A. 2016 Supp. 44-523(f)(1). Vogel contends the statute is ambiguous and does not require dismissal of her claim.

Appellate courts have unlimited review of questions involving the interpretation or construction of a statute, owing no deference to the agency's or the Board's interpretation or construction. *Fernandez v. McDonald's*, 296 Kan. 472, 475, 292 P.3d 311 (2013). When a statute is plain and unambiguous, an appellate court should not speculate about the legislative intent behind that clear language, and it should refrain from reading something into the statute that is not readily found in its words. The court must give effect to the statute's express language rather than determine what the law should or should not be. Where there is no ambiguity, the court need not resort to statutory construction. Only if the statute's language or text is unclear or ambiguous does the court use canons of construction or legislative history to construe the Legislature's intent. *Hoesli v. Triplett, Inc.*, 303 Kan. 358, 362, 361 P.3d 504 (2015).

Enacted by the Legislature in 2006, subsection (f) of K.S.A. 44-523 "provides a way for the workers compensation division to cleanse its house of stale claims." *Welty v. U.S.D. No. 259*, 48 Kan. App. 2d 797, 800, 302 P.3d 1080 (2012). The Legislature amended the statute in 2011. L. 2011, ch. 55, § 17. The 2011 version of the statute is the statute under which the ALJ and the Board issued rulings in Vogel's case:

> "In any claim that has not proceeded to a regular hearing, a settlement hearing, or
> an agreed award under the workers compensation act within three years from the date of
> filing an application for hearing . . . the employer shall be permitted to file with the
> division an application for dismissal based on lack of prosecution. The matter shall be set
> for hearing with notice to the claimant's attorney, if the claimant is represented, or to the
> claimant's last known address. The administrative law judge may grant an extension for

7

good cause shown, which shall be conclusively presumed in the event that the claimant has not reached maximum medical improvement, provided such motion to extend is filed prior to the three year limitation provided for herein. If the claimant cannot establish good cause, the claim shall be dismissed with prejudice by the administrative law judge for lack of prosecution." K.S.A. 2016 Supp. 44-523(f)(1).

Vogel suggests that the third and fourth sentences of the statute are ambiguous with respect to whether a motion to extend must be filed within three years from the date of filing an application for hearing. Vogel relies on legislative history, dissenting opinions in other Board orders, and various unrelated statutes of limitation as support for her argument that a motion to extend need not be filed within three years from the date of filing an application for hearing.

Contrary to Vogel's assertion, this court recently issued two decisions rejecting the argument that K.S.A. 2016 Supp. 44-523(f)(1) is ambiguous after addressing many of the same arguments now raised by Vogel. See *Glaze v. J.K. Williams, LLC*, 53 Kan. App. 2d 712, 390 P.3d 116 (2017), *rev. granted* 306 Kan. __ (September 28, 2017); *Garmany v. Casey's General Store*, No. 116,445, 2017 WL 754305 (Kan. App. 2017) (unpublished opinion), *rev. denied* 306 Kan. __ (August 31, 2017). Specifically, the *Glaze* panel held:

> "It is clear from the plain language of the statute that the last clause, requiring the claimant to make a motion to extend within 3 years, applies to the opening clause of the sentence. The opening clause gives the ALJ discretion to grant a motion for extension for good cause, but the final clause states that the motion for extension must be filed within 3 years. The clause in the middle of the sentence simply provides the circumstances under which good cause will be presumed—when the claimant has not reached maximum medical improvement—and does not relate to the motion to extend. . . .
>      . . . .
>      "In sum, we find that K.S.A. 2011 Supp. 44-523(f)(1) is not ambiguous. If a claimant's workers compensation claim has not proceeded to a regular hearing, a settlement hearing, or an agreed award under the Workers Compensation Act within 3

years from the date of filing an application for hearing, the employer may file a motion to dismiss the claim for lack of prosecution. In order to survive such a motion to dismiss, at a minimum, the claimant must have filed a motion to extend the claim prior to the expiration of the 3-year time limitation. Only then will the court proceed to determine whether there is good cause for the extension." 53 Kan. App. 2d at 716, 718.

See *Garmany*, 2017 WL 754305, at *2-4.

Vogel acknowledges the holdings in *Glaze* and *Garmany* but alleges that they were wrongly decided. The Kansas Supreme Court denied review in *Garmany* but granted review in *Glaze*. Despite the fact that the decision in *Glaze* is not yet final, its reasoning, along with identical reasoning in *Garmany*, is sound and readily applicable to the present case. There is no question that Vogel was actively pursuing her workers compensation claim against Salem. But when a statute is plain and unambiguous, an appellate court should not speculate about the legislative intent behind that clear language and it should refrain from reading something into the statute that is not readily found in its words. K.S.A. 2016 Supp. 44-523(f)(1) is unambiguous; thus, we must give effect to the statute's express language rather than determine what the law should or should not be. See *Hoesli*, 303 Kan. at 362. Because Vogel failed to request an extension of time prior to three years after filing an application for hearing, K.S.A. 2016 Supp. 44-523(f)(1) authorized the dismissal of her claim.

Affirmed.