Per Curiam:
This appeal concerns the interpretation of K.S.A. 2011 Supp. 44-523(f)(1). The administrative law judge (ALJ), the Kansas Board of Workers Compensation (the Board), and a panel of our Court of Appeals concluded that this statute requires that a claimant file a motion for extension within three years of filing an application for hearing for the claim to survive a proper motion to dismiss. We agree with this interpretation and affirm.
FACTUAL AND PROCEDURAL BACKGROUND
On December 5, 2012, Timmy Glaze filed an application for hearing with the Kansas Division of Workers Compensation, asserting that he fell and injured himself while working for J.K. Williams, LLC.
On January 4, 2016, J.K. Williams filed an application for dismissal, stating that the ALJ should dismiss Glaze's claim pursuant to K.S.A. 2011 Supp. 44-523(f) because Glaze had "failed to move the claim towards regular hearing or settlement within three years" of filing his application for hearing. On January 29, 2016, Glaze filed a "request for extension of time to schedule out of state deposition and to schedule regular hearing." Glaze asserted that the case was not ready to proceed to final hearing, because "[d]ue to factors beyond the control of either claimant or his Kansas counsel," he had not been able to depose his psychologist.
After a hearing, the ALJ granted J.K. Williams' application to dismiss on February 12, 2016. In its order, the ALJ explained that K.S.A. 2011 Supp. 44-523(f)(1) required the dismissal because Glaze had not moved for an extension within three years of filing his application for hearing.
Glaze appealed the dismissal to the Board. The four-member board affirmed the dismissal, with one member dissenting. Glaze v. JK Williams, LLC and Commerce & Industry Ins. Co. , No. 1063419, 2016 WL 2619518, at *3 (Kan. Work. Comp. App. Bd. April 11, 2016).
Glaze appealed the Board's decision to the Court of Appeals. The panel affirmed the *922 lower decisions. Glaze v. J.K. Williams, LLC , 53 Kan. App. 2d 712, 390 P.3d 116 (2017).
Glaze petitioned for this court's review of the following issues: (1) whether the panel erred in interpreting K.S.A. 2011 Supp. 44-523(f)(1) and dismissing his claim; (2) whether the panel erred when it held that K.S.A. 2011 Supp. 44-523(f)(1) requires dismissal of a claim when a motion to extend is not filed within three years of filing an application for hearing; and (3) whether the panel's interpretation of K.S.A. 2011 Supp. 44-523(f)(1) deprived him of due process under section 18 of the Bill of Rights of the Kansas Constitution. We granted review of his first two issues.
ANALYSIS
There is no distinguishable difference between Glaze's points in the two issues he presents. In both, he offers arguments about how the panel erred in interpreting K.S.A. 2011 Supp. 44-523(f)(1), and many of those arguments overlap. For this reason, we address the issues as one.
Standard of Review
We conduct an unlimited review of issues of statutory interpretation, owing "no significant deference to the ALJ's or the Board's interpretation or construction." Bryant v. Midwest Staff Solutions, Inc. , 292 Kan. 585, 587, 257 P.3d 255 (2011).
Discussion
When statutory language is clear and unambiguous, we simply interpret the words used by the Legislature. Ambrosier v. Brownback , 304 Kan. 907, 911, 375 P.3d 1007 (2016). "A statute is ambiguous when two or more interpretations can fairly be made." Petty v. City of El Dorado , 270 Kan. 847, 851, 19 P.3d 167 (2001). "If the language is less than clear or is ambiguous, we move to statutory construction and use the canons of construction and legislative history and other background considerations to divine the legislature's intent." Ambrosier , 304 Kan. at 911, 375 P.3d 1007.
The parties dispute the meaning of K.S.A. 2011 Supp. 44-523(f)(1).
K.S.A. 2011 Supp. 44-523(f)(1) provides:
"In any claim that has not proceeded to a regular hearing, a settlement hearing, or an agreed award under the workers compensation act within three years from the date of filing an application for hearing pursuant to K.S.A. 44-534, and amendments thereto, the employer shall be permitted to file with the division an application for dismissal based on lack of prosecution. The matter shall be set for hearing with notice to the claimant's attorney, if the claimant is represented, or to the claimant's last known address. The administrative law judge may grant an extension for good cause shown, which shall be conclusively presumed in the event that the claimant has not reached maximum medical improvement, provided such motion to extend is filed prior to the three year limitation provided for herein. If the claimant cannot establish good cause, the claim shall be dismissed with prejudice by the administrative law judge for lack of prosecution. Such dismissal shall be considered a final disposition at a full hearing on the claim for purposes of employer reimbursement from the fund pursuant to subsection (b) of K.S.A. 44-534a, and amendments thereto." (Emphasis added.)
The parties' disagreement and the panel's conclusion center on the third sentence: "The administrative law judge may grant an extension for good cause shown, which shall be conclusively presumed in the event that the claimant has not reached maximum medical improvement, provided such motion to extend is filed prior to the three year limitation provided for herein." K.S.A. 2011 Supp. 44-523(f)(1).
The Board has consistently interpreted this sentence to mean that, when a claim has not proceeded to a regular or settlement hearing or a final award within three years from the filing of an application for hearing, an ALJ may grant an extension only if the claimant moved for an extension within the three years. See *923 Hackler v. Peninsula Gaming Partners, LLC , No. 1060758, 2016 WL 858312 (Kan. Work. Comp. App. Bd. February 25, 2016) ; Hoffman v. Dental Central , No. 1058645, 2015 WL 4071473 (Kan. Work. Comp. App. Bd. June 26, 2015) ; Ramstad v. U.S.D . 229, No. 1059881, 2015 WL 5462026 (Kan. Work. Comp. App. Bd. August 31, 2015). The ALJ and the Board interpreted it in the same way here. Glaze , 2016 WL 2619518, at *1.
The Court of Appeals agreed with this interpretation. Glaze , 53 Kan. App. 2d at 718-19, 390 P.3d 116. The panel explained that there is only one way to read the sentence at issue. It considered the final provision-"provided such motion to extend is filed prior to the three year limitation provided for herein"-to modify the first phrase of the sentence-"[t]he administrative law judge may grant an extension for good cause shown." Glaze , 53 Kan. App. 2d at 718-19, 390 P.3d 116. It came to its conclusion by the following reasoning: "Glaze's interpretation of the statute would mean that the conclusive presumption of good cause would only apply if the claimant filed a motion to extend within the 3-year limit. We can think of no logical reason why the legislature would limit the use of the presumption in this manner." Glaze , 53 Kan. App. 2d at 716, 390 P.3d 116.
While we agree with the panel's ultimate conclusion, we consider its reasoning faulty. The panel pointed to no authority suggesting that when a statute is susceptible to two different meanings the ambiguity may be resolved if logical reasoning fails to support one of the meanings. It is not the presence of logic that is the measure of ambiguity, but the absence of clarity.
That said, we agree that the sentence unambiguously prohibits an ALJ from granting an extension unless a motion for extension has been filed within three years of filing the application for hearing. Any other interpretation strains the common reading of the statute's ordinary language. This conclusion is confirmed when general rules of grammar and punctuation are applied.
The parties disagree about whether the third clause in the disputed sentence modifies the first or the second clause. It is clear to us that it completes the sentence begun by the first and, in that way, can be said to "modify" it. The second clause, on the other hand-"which shall be conclusively presumed in the event that the claimant has not reached maximum medical improvement"-merely explains one way in which the antecedent "good cause" can be established. It is not a necessary element of the basic sentence; it is not required to identify or define that antecedent; it provides only extra, exemplary information. This means that it qualifies as a nonrestrictive clause. Strunk & White, The Elements of Style 3-4 (4th ed. 2000) ("A nonrestrictive clause is one that does not serve to identify or define the antecedent noun."); Webster's New World College Dictionary 996 (5th ed. 2014) ("nonrestrictive ... designat[es] a modifier, as a word, phrase, or subordinate clause, that adds information without limiting the reference of the word or phrase it modifies and thus is not essential to the meaning of a sentence"). Because the second clause is nonrestrictive, it must be set off from the rest of the sentence by commas. Strunk, 4; see also Bremner, Words on Words: A Dictionary for Writers and Others Who Care About Words 369-70 (1980). When we omit this extraneous clause and its commas, the sentence is still complete and still means the same thing. It reads: "The administrative law judge may grant an extension for good cause shown provided such motion to extend is filed prior to the three year limitation provided for herein." The Legislature stated plainly that the three-year period should function as a time bar to moving for an extension.
Other courts have turned to similar grammatical reasoning when facing interpretation questions. See, e.g. , In re Conduct of Gallagher , 332 Or. 173, 184, 26 P.3d 131 (2001) (identifying a clause in a disciplinary rule as nonrestrictive "because it is set off by commas," and noting that "[b]ecause it is nonrestrictive, the phrase can be dropped without changing the meaning of the sentence"); Gateway Park, L.L.C. v. Ferrous Realty Ltd. , No. 91082, 2008 WL 5050023, at *6 (removing the nonrestrictive clause to determine the meaning of a sentence in a deed).
"Provided" means "[o]n the condition or understanding (that)." Black's Law Dictionary *924 1261 (8th ed. 2004). In other words, an administrative law judge may grant "an extension for good cause shown" but only if the extension has been sought by a timely motion.
Our reading of the statute also is consistent with conventions of punctuation. See Chicago Manual of Style, §§ 6.29, 6.31 (17th ed. 2017) ("A descriptive phrase that is restrictive-that is, essential to the meaning [and often the identity] of the noun it belongs to-should not be set off by commas"; and, when a sentence ends with an adverbial phrase, "a comma is necessary only when the phrase is used in a nonrestrictive sense, providing information that is not essential to the meaning of the rest of the sentence."). Under this convention, if the Legislature meant the third clause to modify the second clause, the second comma would be absent. It is not. In contrast, a comma does not separate the third clause from the first when we remove the second, nonrestrictive clause and the two commas that set if off: "The administrative law judge may grant an extension for good cause shown provided such motion to extend is filed prior to the three year limitation provided for herein."
The dissent's assertion that "we should look beyond rules of grammar and punctuation when considering ambiguity" is puzzling. Slip op. at 10. Rules of grammar and punctuation (and usage, syntax, etc.) give structure to our written language, without which we would have nothing from the Legislature but useless word salad. We have often said that the plain, written language of the Legislature is our best and only safe tool for divining its intent. See, e.g., State v. Gensler , 308 Kan. 674, 677, 423 P.3d 488 (2018). With these points as undeniable givens, it seems the wisest course is to keep this tool sharp, rather than letting it degrade under the advancing, reedy surf of declining standards.
The long-term, harmful effects of surrendering our best and only safe tool to that surf would not be limited to this case, of course. The sound reasons that this court has worked so diligently for the last decade and a half to introduce more discipline into our frequent tasks of statutory interpretation and construction would be undermined. We chose the disciplined path deliberately because it advances embedded values of judicial restraint and modesty and preserves respect for separation of powers and institutional competency. Ignoring what are universally recognized rules of grammar and punctuation threatens to leave too much room for judicial freewheeling on the hunt for whatever that day's court considers the most palatable result. See State v. Spencer Gifts, 304 Kan. 755, 765, 374 P.3d 680 (2016) (" '[Q]uestions of public policy are for legislative and not judicial determination, and where the legislature does so declare, and there is no constitutional impediment, the question of the wisdom, justice, or expediency of the legislation is for that body and not for the courts.' ") (quoting State ex rel. v. Kansas Turnpike Authority , 176 Kan. 683, 695, 273 P.2d 198 [ (1954) ] ).
We also note that the dissent's example-"A baseball game may be cancelled for bad weather, which will not disappoint many fans, provided the fans are able to see a make-up game"-is only superficially similar to the sentence we focus on in this case. Slip op. at 14. When diagrams of the two sentences are compared, it is immediately apparent that their structures and the functions of their structures' components are entirely different. Putting aside what the dissent may be tempted to dismiss as pedantry, even a casual and/or uneducated listener can quickly discern that the third clause in the dissent's sentence tells us only when the fans mentioned only in the second clause are or are not likely to be disappointed, not when the game mentioned only in the first clause may be cancelled. Grammar and punctuation live to serve common sense, not the other way around.
Finally, before concluding, we respond in one further way to the dissent. At least some of us might swallow hard and overlook the dissent's hamfisted handling of the English language but for our inability to understand how it can lead to its outcome. Even if the third clause of the sentence under scrutiny somehow should "modify" the second clause, a claimant still needs to seek an extension within three years, unless the third clause is completely ignored. We are not willing to depart from our routine reluctance to add or *925 subtract language from a statute. See, e.g., Ullery v. Othick , 304 Kan. 405, 409, 372 P.3d 1135 (2016) ; Hoesli v. Triplett, Inc. , 303 Kan. 358, 362, 361 P.3d 504 (2015).
The Court of Appeals' conclusion that the statute unambiguously requires a party to move for extension within three years of filing an application for hearing is correct. Accordingly, we agree with its decision, although we do so under a slightly different rationale.
The decisions of the Court of Appeals and the Kansas Board of Workers Compensation are affirmed.
Luckert, J., not participating.
William R. Mott, District Judge, assigned.[1]

REPORTER'S NOTE: District Judge Mott was appointed to hear case No. 115,763 vice Justice Luckert under the authority vested in the Supreme Court by art. 3, § 6(f) of the Kansas Constitution.