NOT DESIGNATED FOR PUBLICATION

No. 121,977

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ELIDIO SIANEZ OCON,
*Appellant*,

v.

SEABOARD CORPORATION; AMERICAN ZURICH INSURANCE COMPANY; and
KANSAS WORKERS COMPENSATION FUND,
*Appellees*.

MEMORANDUM OPINION

Appeal from Workers Compensation Board. Opinion filed October 23, 2020. Affirmed.

*Conn Felix Sanchez*, of Kansas City, for appellant.

*J. Scott Gordon* and *Daniel C. Estes*, of McCormick, Gordon, Bloskey & Poirier, P.A., of Overland Park, for appellees Seaboard Corporation and American Zurich Insurance Company.

Before ARNOLD-BURGER, C.J., HILL and ATCHESON, JJ.

PER CURIAM: In this workers compensation case, the parties have framed and presented to us an issue they treat as dispositive of Elidio Sianez Ocon's claim for benefits: Whether he timely filed a request to extend the consideration of his claim beyond the three-year limitation in K.S.A. 2019 Supp. 44-523(f)(1). On that issue, we conclude the Workers Compensation Board misconstrued its own regulation governing the filing of papers with the agency in affirming the administrative law judge's decision to dismiss Ocon's claim. Nonetheless, correctly read, the regulation dictates that Ocon's requested extension was filed too late, so we affirm the dismissal.

1

Ocon was injured while working for the Seaboard Corporation in late 2014. He sought and received medical evaluations and treatment for the injury. Those details are immaterial to the legal issue before us on appeal. On May 1, 2015, a lawyer representing Ocon on his workers compensation claim filed by fax an application for hearing with the Division of Workers Compensation, as then permitted under K.A.R. 51-17-2. The faxed submission received at the agency shows the document was transmitted at 8:05 p.m. The parties agree on those circumstances. And we may take notice that May 1, 2015, was a Friday.

After filing the application, Ocon had several preliminary hearings on his claim and received additional medical treatment. But he had yet to go to a regular hearing or a settlement hearing or to obtain an agreed award. Under K.S.A. 2019 Supp. 44-523(f)(1), an employer may file a motion to dismiss a claim for failure to prosecute if it "has not proceeded to a regular hearing, a settlement hearing, or an agreed award . . . within three years from the date of filing an application for hearing." If the motion is granted, the worker's claim is dismissed with prejudice. A claimant may request an extension for good cause, but the request must be filed within the three-year period. K.S.A. 2019 Supp. 44-523(f)(1); *Glaze v. J.K. Williams*, 309 Kan. 562, 565-66, 439 P.3d 920 (2019). As the parties have briefed this appeal, they agree that if a claimant fails to timely file for an extension, the employer's motion to dismiss must be granted. Because nobody offers an alternative interpretation of K.S.A. 2019 Supp. 44-523(f)(1), we assume without deciding that they have accurately characterized the operation of the statute.

Ocon's lawyer faxed an extension request to the Division of Workers Compensation at 3:42 p.m. on May 3, 2018, based on the time of receipt generated by the agency's fax machine. The request, however, has a file stamp stating it was received on May 4. Ultimately, that discrepancy is irrelevant.

About a month later, Seaboard filed a motion to dismiss Ocon's claim for a failure to prosecute and argued that the requested extension was submitted too late, so it didn't matter whether the request outlined good cause. An administrative law judge held a hearing on the motion, as required under K.S.A. 2019 Supp. 44-523(f)(1), and granted Seaboard's motion to dismiss, finding the extension request to have been untimely filed. Ocon asked the Board to review the administrative law judge's decision.

In an order issued in September 2019, the Board affirmed the dismissal of Ocon's claim for benefits based on the late request for an extension of the three-year time limit in K.S.A. 2019 Supp. 44-523(f)(1). The Board applied K.A.R. 51-17-2 that permitted and governed both filing and service of papers by fax. The regulation has since been amended to require parties with lawyers to file and serve documents electronically, while allowing unrepresented parties to use other means, including fax.

In K.A.R. 51-17-2, "filing by fax" was explicitly distinguished from "service by fax." Fax filing referred to submitting a document to the Division of Workers Compensation for filing with the agency. K.A.R. 51-17-2(a)(2). And service by fax referred to transmitting a document to a party as a means of giving notice. K.A.R. 51-17-2(a)(7). The regulation established different rules for determining when a document had been filed by fax with the agency and when it had been served by fax on a party. For reasons that are not readily apparent, the Board applied the rule for service by fax rather than filing by fax, even though both the 2015 application for hearing and the 2018 extension request were documents filed with the agency, and they had legal effect upon their filing. See K.S.A. 2019 Supp. 44-523(f)(1) (claimant's motion for extension timely if "filed" during three-year period following application for hearing).

Under K.A.R. 51-17-2(g)(6), service by fax was considered completed as of the time stated for a successful transmission of the document being served as indicated on the record generated by the sending party's fax machine. But that subsection included an

3

exception for documents served after business hours: "Service that occurs after 5 p.m. shall be deemed to have occurred on the next day." Applying K.A.R. 51-17-2(g)(6), the Board reasoned that Ocon's application for hearing was filed with the agency on May 2, 2015, since the fax had been received after 5 p.m. on May 1. Based on that analysis, the three-year period to bring a claim to a regular or settlement hearing or an agreed award, as required in K.S.A. 2019 Supp. 44-523(f)(1), expired for Ocon's claim on May 2, 2018. The Board found the request for an extension was one day late when it was filed on May 3.

Under K.A.R. 51-17-2(c)(2), the Division of Workers Compensation accepted fax filings 24 hours a day, and a document would be considered "filed as of the time printed by the division facsimile machine on the final page of the facsimile document received." By that rule, which actually governs here, Ocon's application for hearing was filed with the agency on May 1, 2015. In turn, his request for an extension had to be filed no later than May 1, 2018. Ocon, of course, fares no better with that timeline—he was two days late instead of one.

Given the parties' supposition that a timely request for an extension constitutes a necessary condition to avert dismissal for failure to prosecute under K.S.A. 2019 Supp. 44-523(f)(1), the Board reached the correct result in affirming the administrative law judge's decision to dismiss Ocon's claim for benefits. Ocon has appealed the Board's order.

We apply the Kansas Judicial Review Act (KJRA), K.S.A. 77-601 et seq., in considering Ocon's appeal. Because the material facts here are undisputed, we confront a question of law. We may set aside an agency action under the KJRA for a material error of law. K.S.A. 77-621(c)(4). Appellate courts owe no particular deference to the Board's statutory interpretation of the Workers Compensation Act or the accompanying regulations. *Fernandez v. McDonald's*, 296 Kan. 472, 475, 292 P.3d 311 (2013). We

4

typically should affirm an administrative agency order that reaches the right result, albeit through a mistaken rationale. See *In re Tax Exemption Application of Westboro Baptist Church*, 40 Kan. App. 2d 27, 49, 189 P.3d 535 (2008). We do so here.

Ocon has advanced several arguments for reversing the Board, but we find them unpersuasive.

• Ocon contends that under K.A.R. 51-17-2(g)(6), the application for hearing should have been considered filed on the next *business* day, since the fax was sent after 5 p.m. on a Friday. The contention is doubly flawed. First, as we have explained, K.A.R. 51-17-2(g) didn't apply at all, since it governed service on parties and not filing with the agency. Second, K.A.R. 51-17-2(g)(6) explicitly deferred service to "the next day" and made no additional allowance for that day falling on a weekend or holiday. The agency had no obligation to make some accommodation for that entirely foreseeable situation. And the regulation's silence undercuts Ocon's argument for deferral to the next business day. We won't read the necessary language into the regulation when it plainly isn't there. See *Pener v. King*, 305 Kan. 1199, 1208, 391 P.3d 27 (2017).

In a related contention, Ocon says we should give legal effect to a file stamp on the application for hearing showing the Workers Compensation Director certified it on May 4, 2015, as an accurate copy of what had been filed with the agency. But that stamp was added to show when the director provided the parties with notice of the filing and not to establish when the agency has received the filing. That contention does not salvage the untimely request for extension filed on May 3, 2018.

• Ocon submits there is a conflict between the time requirements in K.S.A. 2019 Supp. 44-534(b), governing when an application for hearing must be filed, and the three-year period in K.S.A. 2019 Supp. 44-523(f)(1). As provided in K.S.A. 2019 Supp. 44-534(b), an injured worker must file an application for hearing within the longer of three

5

years after the accident or two years after the last payment of workers compensation. But those time requirements do not alter or supersede K.S.A. 2019 Supp. 44-523(f)(1), and they offer no refuge for Ocon. In short, K.S.A. 2019 Supp. 44-534(b) establishes the time for filing an application for hearing; it has nothing to do with how the application or the claim is handled afterward. The three-year period in K.S.A. 2019 Supp. 44-523(f)(1) to bring a claim to hearing or an agreed settlement operates entirely independently. There is no interplay between the two statutes that calls into question the Board's order upholding the dismissal of Ocon's claim.

Again, as a cognate argument, Ocon suggests he could have filed another application for hearing to avert dismissal or might be able to resuscitate his claim even now by filing a second application. The argument, however, is not ripe for our review, since Ocon hasn't done so. Such a gambit would have to be initiated at the agency level and properly would be subject to consideration through the administrative hearing process before we considered it. We would overstep in responding to what amounts to an abstract or hypothetical question on this record. See *KNEA v. State*, 305 Kan. 739, 748, 387 P.3d 795 (2017); *State ex rel. Morrison v. Sebelius*, 285 Kan. 875, 896, 179 P.3d 366 (2008).

• Ocon points out that in 2011 the Kansas Legislature shortened the time period in K.S.A. 44-523(f)(1) from five years to three years. That change preceded Ocon's injury and all of the agency actions related to it. But Ocon argues that workers covered under the Act received no offsetting benefit for the time reduction, rendering the change unconstitutional under § 18 of the Kansas Constitution Bill of Rights in the absence of a quid pro quo. The Kansas Supreme Court has recognized that the diminution or elimination of a common-law right of recovery for a personal injury or a loss of property has to be offset by a legally equivalent remedy—the quid pro quo—to comport with § 18. See *Injured Workers of Kansas v. Franklin*, 262 Kan. 840, 854-56, 942 P.2d 591 (1997). Various iterations of the Workers Compensation Act have been upheld against challenges

6

under § 18 because covered employees injured on the job receive scheduled financial benefits and medical care typically without regard to fault supplanting common-law tort claims adjudicated in fault-based civil actions that may be considerably more protracted and uncertain.

Contrary to Ocon's suggestion, however, the constitutional comparison looks at the overall effect of the Act. A comparatively minor procedural change in the Act that might be viewed as detrimental to covered workers does not itself have to be accompanied by another change ostensibly favoring claimants. Section 18 rights would be implicated only if amendments to the Act so altered the entire scheme that it no longer provided an adequate substitute remedy. 262 Kan. at 856. The shortened time period in K.S.A. 2019 Supp. 44-523(f)(1) doesn't tip the constitutional balance, and Ocon makes no argument that it does.

Affirmed.